# In re Clifford Iverson

[376 A.2d 23]

No. 45-77

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed April 29, 1977

*James L. Morse*, Defender General, and *Charles S. Martin*, Appellate Defender, Montpelier, for Petitioner.

*Richard G. English*, Addison County State's Attorney, Middlebury, for Respondent.

**Per Curiam.** This matter is before the Court as a motion for release pending appeal. V.R.A.P. 9(a).

On October 7, 1976, the petitioner was arraigned as a fugitive from justice in violation of 13 V.S.A. § 4953. Probable cause was found by a district judge, and the petitioner was released on a recognizance bond with additional restrictive conditions. Upon demand for extradition from the governor of the State of New York, the governor of this state issued a warrant of arrest and extradition. 13 V.S.A. § 4942. Subsequently, the petitioner filed a petition for a writ of habeas corpus. 13 V.S.A. § 4950. The petition was denied by the Addison Superior Court, and a notice of appeal was filed with this Court. In the interim, the defendant-petitioner seeks release from his present incarceration.

The petitioner argues that under the Vermont Constitution he is entitled to conditions of release, limited only by conditions which will assure his attendance in court. Vermont Constitution, Chapter II, § 40; *State* v. *Pray*, 133 Vt. 537, 346 A.2d 227 (1975). He supports his legal argument by presenting various facts which he claims demonstrate the reasonableness of granting conditional release and the likelihood of appearance in these judicial matters in the future.

The Vermont Constitution reads, in relevant part:

> And all prisoners, unless in execution, or committed for capital offences, [*sic*] when the proof is evident or presumption great, shall be bailable by sufficient sureties; nor shall excessive bail be exacted for bailable offences. [Chapter II, § 40.]

The State argues, and we concur, that this constitutional section does not apply in this circumstance because the defendant is not held for trial in Vermont for alleged violation of Vermont criminal law. In extradition matters, there is no offense; there are only proceedings to produce a demanded person for another state.

We do not find the authority to support the relief the petitioner seeks in any rule of procedure or decisional law of this Court. He argues that by implication 13 V.S.A. §§ 4955, 4956 read together suggest that a legislative mandate exists for this relief, *i.e.*, bail under these sections is not limited to a period between arrest under § 4953 and re-arrest under a Vermont governor's warrant. This does not avail the petitioner here because this factual situation meets the limiting provision in the statute, *i.e.*, the offenses of which the defendant is charged are indisputably subject to a penalty of life imprisonment.

Further, the petitioner has orally argued that this Court has inherent authority to grant relief, independent of express constitutional or statutory law. We find persuasive and adopt the analysis elaborated in *State ex rel. Howard* v. *St. Joseph Superior Court*, 262 Ind. 367, 316 N.E.2d 356 (1974) (see cases cited therein). In summary, no right to bail existed at common law for one held in custody on a warrant of extradition because extradition was not a proceeding of the common law. Extradition law merely reflects obligations made between states by virtue of the Constitution. State courts have no authority to determine the innocence or guilt of a defendant under the criminal laws of another state, 13 V.S.A. § 4960; *Russell* v. *Smith*, 127 Vt. 225, 227, 245 A.2d 563 (1968); thus the arrest and detention of a purported fugitive is for the sole purpose of rendition and not for purposes of trial. Bail and conditions of release derive from the charge, embodied in the substantive offense, and are determined by the courts of the demanding state. Presumptively the demanding state will accord the defendant bail and every other legal right under the laws of that state.

*The petition is denied.*