**Frank HOWE, Petitioner,**

v.

**Dan P. CRONIN, Ex-officio Sheriff of the City and County of Denver, Respondent.**

Civ. A. No. 78–C–648.

United States District Court,
D. Colorado.

Oct. 11, 1978.

Robert C. Floyd, of Gerash & Springer, P.C., Denver, Colo., for petitioner.

Brooke Wunnicke, Chief App. Deputy, Dale Tooley, Dist. Atty., Denver, Colo., for respondent.

### OPINION AND ORDER

CHILSON, Senior District Judge.

This is a habeas corpus action filed by a person in state custody pursuant to 28 U.S.C. § 2254. He attacks the validity of his arrest, detainment, and extradition by the State of Colorado.

The pertinent facts of this matter are not in dispute. Mr. Howe, the petitioner, was the object of two criminal complaints in the state of North Dakota: the first for a burglary allegedly committed on July 12, 1975, and the second for the possession of a controlled substance with intent to deliver alleged to have occurred on July 21, 1975. At a preliminary hearing, the state court found that probable cause existed for the complaints. Trial was set for December 8, 1975, and Howe was released on bail. Howe failed to appear in court on December 8, and his bail was forfeited.

Mr. Howe was neither seen nor heard from until early March 1978, when he was

arrested in Denver, Colorado. On March 3, 1978, a third criminal complaint was filed against Howe in the state of North Dakota charging him with the crime of failure to appear after release. An application for requisition was made upon the governor of North Dakota and the governor's formal requisition was issued on April 18, 1978. The governor of Colorado responded with an arrest warrant and Howe, who had been out on bond, surrendered to Colorado authorities on May 23, 1978.

Howe filed a petition for a writ of habeas corpus with the Colorado district court immediately upon his surrender to state authorities. On June 2, 1978, the petition was denied by the state district judge. Howe thereupon filed a notice of appeal and a motion for appeal bond. The district court denied the motion for bond on June 9, apparently on the theory that it was without jurisdiction to grant bail after the service of the governor's extradition warrant. Application for release on bail was twice made to the Colorado Supreme Court by the petitioner, once by appeal and once in an original proceeding, and was twice denied. No reasons were stated for the denial, but for the sake of this opinion it is assumed that the supreme court concurred in the views of the district judge. There has apparently been no disposition of Howe's appeal of the adverse district court ruling on his habeas petition.

## DISCUSSION

Since the merits of Howe's habeas petition are still at issue before the Colorado Supreme Court, they may not be raised as grounds for relief in a § 2254 proceeding. 28 U.S.C. § 2254(b). The status of the petitioner as a fugitive and his liability to detention and extradition by Colorado authorities are therefore not in dispute in this federal proceeding: the sole question before this court is the propriety of the state courts' refusal to release Howe on bail during the pendency of his state habeas appeal.

The provisions of the state constitution, statutes, and case law pertaining to the petitioner's right to bail (discussed at considerable length by the litigants) are not germane to the narrow issue which can be considered by this court. Relief under 28 U.S.C. § 2254 is available to state prisoners only on denial by the state of *federal* statutory or constitutional rights.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). See *Hopkins v. Anderson*, 507 F.2d 530 (10th Cir. 1974), *cert. denied*, 421 U.S. 920, 95 S.Ct. 1586, 43 L.Ed.2d 788 (1975).

The petitioner may not, in short, reargue the question of his right to bail under state law—a question which has already been considered and decided adversely to him by Colorado's highest court. Conceivably, the state supreme court established in the petitioner's case an absolute rule that a prisoner being extradited from the State of Colorado has no right to be released on bail pending disposition of his appeal of the denial of a habeas petition. This court may only weigh whether that state determination can be upheld under the Constitution and laws of the United States.

The only federal rationale for striking down the state determination suggested by the petitioner lies in the application of the Eighth Amendment's proscription of excessive bail to the states by way of the Fourteenth Amendment. As a detainee in an extradition proceeding, not yet convicted of any crime and not charged with a capital offense, the petitioner theorizes that he has a constitutional right to bail pending disposition of his habeas appeal.

The petitioner is mistaken in his belief. While the Eighth Amendment establishes a right to bail and proscribes excessive bail in all bailable offenses, it has never been held to apply to all types of proceedings. *Carlson v. Landon*, 342 U.S. 524, 545, 72 S.Ct. 525, 96 L.Ed. 547 (1952). Appeals from the denial of a habeas corpus petition are simply not proceedings to which the Eighth Amendment applies. For example, rule

49(2) of the rules of the United States Supreme Court envisions only a discretionary, not an absolute, right to bail pending review of the denial of a habeas petition.

Neither the Bail Reform Act nor the Federal Rules of Criminal Procedure reflect any federal statutory right to bail in civil proceedings such as habeas actions—nor would a state prisoner benefit from the provision if there were one. The right claimed by the petitioner cannot be found in the federal Constitution or in any federal statute or treaty. Consequently, under the terms of 28 U.S.C. § 2254(a) this Court may not grant habeas corpus relief.

## CONCLUSIONS

The petition should be denied.

## ORDER

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby denied.