## No. 79SA565

**Albert Johnson v. District Court of the City and County of Denver and The Honorable Henry E. Santo, one of the Judges thereof**

(610 P.2d 1064)

Decided May 5, 1980.

J. Gregory Walta, State Public Defender, Kenneth M. Gordon, Deputy, Terri L. Brake, Deputy, for petitioner.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for respondents.

*En Banc.*

JUSTICE LOHR delivered the opinion of the Court.

We issued a rule to show cause why bail should not be set for the defendant pending decision on appeal from an order denying his petition for a writ of habeas corpus. We now discharge the rule.

Defendant was arrested in Colorado based upon charges brought by the state of California that defendant had escaped from confinement in California. Extradition proceedings took place, and a Colorado governor's warrant issued pursuant to the Uniform Criminal Extradition Act.

Sections 16-19-101 to 133, C.R.S. 1973 (1978 Repl. Vol. 8). Defendant's petition for a writ of habeas corpus was denied. Defendant appealed from that denial and moved that bail be set pending decision on appeal. The trial court denied the motion on the basis that bail is not authorized in such circumstances. Defendant then moved that this court set bail, and we issued a rule to show cause.

■ The power to grant bail is inherent in the judicial function. That power is derived not from the constitution but from the common law. *People v. Sanders,* 185 Colo. 153, 522 P.2d 735 (1974); *Bottom v. People,* 63 Colo. 114, 164 P. 697 (1917). As we noted in that latter case: "The power to take bail is incident to the power to hear and determine, or to commit, and hence it may be stated as a general rule that any court or magistrate that has jurisdiction to try a prisoner in any case has jurisdiction to discharge him, and, a fortiori, to admit him to bail, subject, however, to such regulations or limitations as may be imposed by statute . . . ."
63 Colo. at 116, 164 P. at 698. *See Wright v. Henkel,* 190 U.S. 40, 23 S.Ct. 781, 47 L.Ed. 948 (1903).

We must examine the relevant constitutional and statutory provisions to determine the scope of the power to grant bail in extradition proceedings. We will then consider whether the defendant is to be admitted to bail based on the facts of this case.

■ Extradition has its roots in Art. IV, section 2(2), of the United States Constitution, which provides:
"(2) *Fugitives from justice.* A person charged in any state with treason, felony or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."
The special duty to a sister state which is imposed on the asylum state in which the fugitive is found is an important consideration in determining whether a fugitive has a right to bail.

■ Neither the state constitution nor the federal constitution requires that bail be granted in this case. The right to bail guaranteed by the Colorado Constitution[1] does not apply to one charged with an offense under the laws of another state. *See Deas v. Weinshienk,* 188 Colo. 17, 533 P.2d 496 (1975). The right to bail guaranteed by the United States Constitution[2] does not apply during appeal from denial of an application for habeas corpus in an interstate extradition proceeding. *Howe v. Cronin,* 458 F. Supp. 157 (D. Colo. 1978). *See Carlson v. Landon,* 342 U.S. 524,

---

[1] *Colo. Const.* art. II, §19.
[2] *U.S. Const.* amends. VIII, XIV.

72 S.Ct. 525, 96 L.Ed. 547 (1952).

Next, we must examine the Uniform Criminal Extradition Act to determine whether that Act provides a statutory right to bail. In *Deas v. Weinshienk, supra,* we considered whether that Act authorizes bail after service of a governor's warrant pending the outcome of a habeas corpus petition in the trial court. We noted that the Uniform Criminal Extradition Act expressly provides for bail pending service of the governor's warrant,[3] and that it is silent with respect to bail after the governor's warrant has been served. After reviewing the decisions of other states, we held that no right to bail exists after a governor's warrant has been served and pending decision on a habeas corpus petition in the trial court. The rationale of the decisions of courts denying bail in these circumstances was summarized as follows:

"[B]ecause the fugitive is being held for another state he should be readily available to be turned over to those who arrive to return him. A presumption exists that the demanding state will accord the fugitive all his legal rights, including that of bail. A special obligation to deliver a fugitive is owed to a sister state — an obligation which makes bail inappropriate after the stage when issuance of the governor's warrant is reached." (Citing *State v. St. Joseph Superior Court,* _____ Ind. _____, 316 N.E.2d 356 (1974), and *State v. Second Judicial District,* 86 Nev. 531, 471 P.2d 224 (1970).)

188 Colo. at 19-20, 533 P.2d at 497. That rationale applies with even greater force after a petition for habeas corpus has been denied in the trial court, for the extradition proceeding is one step further down the road to a final determination that the demanding state is entitled to obtain custody over the defendant.[4]

We find no other statutory source providing a right to bail under the circumstances of this case. *See People v. District Court,* 157 Colo. 69, 401 P.2d 88 (1968).

Our conclusion that there is no absolute right to bail after service of the governor's warrant does not mean that the court has lost its inherent power to grant bail after that time. It simply reflects a determination that the legislative intent to deny bail after service of the

---

[3] Section 16-19-117, C.R.S. 1973 (now in 1978 Repl. Vol. 8).

[4] We have considered the following language in *Deas v. Weinshienk, supra;*

"This decision is narrowly addressed to release on bail from detention after the governor's warrant is executed. Under C.A.R. 8.1, granting of bail pending appellate review of habeas corpus relating to extradition proceedings is still addressed to the discretion of the trial court under the usual standards."

188 Colo. at 20, 533 P.2d at 498. To the extent that the final sentence may relate to the period after execution of the governor's warrant, it is fundamentally contrary to the reasoning upon which the decision is based. That sentence was not necessary to the decision and is not binding upon us. *Parker v. Plympton,* 85 Colo. 87, 273 P. 1030 (1929); *Young v. People,* 54 Colo. 293, 130 P. 1011 (1913).

governor's warrant is a reasonable and appropriate limitation on that power absent the most extraordinary circumstances. *See Bottom v. People, supra.* In recognition of the constitutional obligation to the sister state and the legislative intent expressed in the Uniform Criminal Extradition Act, the court's inherent power must be exercised sparingly. Any relief granted should be no broader than necessary to ameliorate the condition which causes the power to be exercised. *See Stringer v. Quigg,* 91 Fla. 197, 107 So. 409 (1926); *Tomarchin v. Kelly,* 118 So.2d 788 (Fla. Dist. Ct. App. 1960).

■ We now consider the circumstances upon which defendant bases his application for bail. Defendant escaped from confinement in California in July 1976 and was arrested in Denver in October 1979. At the time of his arrest, he was employed as a welder, and could return to that work if bail were granted. Defendant is a member of United Boilermakers Local 101 and the Holy Spirit Baptist Church of Denver. His petition for bail in this court was supported by many members of his church. We conclude that these facts fall far short of establishing the extraordinary circumstances which must be shown to permit bail to be granted after service of a governor's warrant.[5]

The rule is discharged.

■

---

[5] It is neither necessary nor appropriate in this case to attempt to specify precise criteria for establishment of extraordinary circumstances. Nor is it necessary to decide whether, when such extraordinary circumstances exist, the appropriate relief should be limited to regulating the form and manner of custody as distinguished from release. *See Buchanan v. State,* 166 So.2d 596 (Fla. Dist. Ct. App. 1964), and *Tomarchin v. Kelly, supra,* in which Florida has found the relief to be so limited.