GEORGE UPTON, petitioner.

Barnstable. May 5, 1982. — September 2, 1982.

Present: HENNESSEY, C.J., WILKINS, NOLAN, & O'CONNOR, JJ.

*Extradition and Rendition.   Habeas Corpus.   Bail.   Practice, Civil,*
Report.

Papers presented in support of a fugitive's rendition were proper on their
face, although an affidavit purporting to show the fugitive's picture
was alleged to have been deficient, where the affidavit was not re-
quired by law and in no way impeached the required documents.
[361-362]
In a proceeding on a petition for a writ of habeas corpus challenging the
legality of the petitioner's arrest on a warrant issued by the Governor
of this Commonwealth in response to a demand from the Governor of
Arizona for the petitioner's rendition to face charges of theft and bur-
glary in Arizona, there was no merit to the allegation that one count in
the complaint presented in support of the rendition did not charge the
crime of theft because the complaint failed to allege specifically that
the fugitive had acted "without lawful authority" as required by the
pertinent Arizona statute where the complaint did assert that the fugi-
tive's conduct violated the applicable statute and where no Arizona
authority was cited to the effect that such a theft count would not
allege a crime. [362-363]
In a proceeding on a petition for a writ of habeas corpus challenging the
legality of the petitioner's arrest on a warrant issued by the Governor
of this Commonwealth in response to a demand from the Governor of
Arizona for the petitioner's rendition, the judge properly concluded
that the petitioner had failed to show by clear and satisfactory evi-
dence that he was not a fugitive from justice. [363-364]
This court expressed its opinion on issues involved in proceedings on a
petition for a writ of habeas corpus, although the issues raised were
moot because the Superior Court proceeding had ended and this court
had disposed of the petitioner's appeal, where the questions were fully
briefed and raised matters of importance likely to arise again, but
unlikely to be capable of appellate review in the normal course before
becoming moot. [364-370]
In view of G. L. c. 248, § 19, authorizing bail in habeas corpus proceed-
ings and making no exception for persons challenging rendition, a

judge of the Superior Court may admit a person to bail pending determination of the merits of that person's habeas corpus challenge to rendition in that court and, in appropriate circumstances, a person's admission to bail pending appeal from the denial of such writ would be a "proper interlocutory order" in accordance with G. L. c. 231, § 117. [366-369]

PETITION for a writ of habeas corpus filed in the Superior Court Department on May 22, 1981.

The case was heard by *Dolan*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Nancy Gertner* for the petitioner.

*William D. Luzier, Jr.*, Assistant Attorney General, for the Commonwealth.

WILKINS, J. The petitioner (Upton) appeals from an order denying his petition for a writ of habeas corpus. Upton brought the petition to challenge the legality of his arrest on a warrant issued by the Governor of this Commonwealth in response to a demand from the Governor of Arizona for his rendition to face criminal charges in Arizona. The judge who denied the writ purported to report to the Appeals Court the questions whether a petitioner could be admitted to bail (a) while his petition for a writ of habeas corpus is pending in the Superior Court and (b) while his appeal is pending from the denial of the writ. We transferred the appeal and the reported questions to this court on our own motion.

We affirm the order denying the writ of habeas corpus, and conclude that a judge may grant bail to a prisoner who has a petition for habeas corpus pending in the Superior Court or an appeal pending from an order denying the writ.

*Upton's Appeal*

The charges arise from an alleged break-in at the Automatic Nozzle Exchange in Mesa, Arizona, between October 19 and 20, 1980. In March, 1981, Upton was arrested in

Massachusetts on a fugitive from justice complaint alleging
that he was charged in Arizona with theft and burglary. He
was released on bail pending arrest on a Governor's war-
rant. See G. L. c. 276, § 20D. On May 5, 1981, he was ar-
rested on a warrant issued by the Governor of this Com-
monwealth and, on his arraignment that day in Barnstable
District Court, he was advised of his right to challenge his
arrest by filing a petition for a writ of habeas corpus. On
May 7, 1981, Upton was released on $25,000 bail. On May
22, 1981, Upton filed a petition for a writ of habeas corpus
in the Superior Court in Barnstable County. After hearing,
the petition was denied on September 3, 1981, and Upton
was continued on the same bail pending his appeal from the
denial of the writ. He argues that the papers presented in
support of his rendition were not in order because an af-
fidavit purporting to show his picture was defective and one
count in the complaint failed properly to allege a crime.

Upton further argues that the judge improperly treated the
factual question whether Upton was in Arizona at the time
of the alleged crimes.

We start our analysis by noting the limited nature of a
rendition proceeding in an asylum State. In *Michigan* v.
*Doran*, 439 U.S. 282, 289 (1978), the Supreme Court said
that "[o]nce the governor has granted extradition, a court
considering release on habeas corpus can do no more than
decide (a) whether the extradition documents on their face
are in order; (b) whether the petitioner has been charged
with a crime in the demanding state; (c) whether the peti-
tioner is the person named in the request for extradition;
and (d) whether the petitioner is a fugitive." The same
issues were described as the relevant ones in the earlier opin-
ion of this court in *Maldonado, petitioner*, 364 Mass. 359,
362 (1973).

Under G. L. c. 276, § 14, a part of the Uniform Criminal
Interstate Rendition Law (Uniform Rendition Law) (see
G. L. c. 276, § 20R), the demand for rendition must be ac-
companied by a copy of a judgment of conviction, a sen-
tence, an indictment, an information supported by affidavit,

or "a copy of an affidavit made before a magistrate of [the demanding] state, and by a copy of the warrant which was issued thereon." Here, there was a copy of a complaint made before a justice of the peace and a copy of the warrant for Upton's arrest issued by the same justice of the peace, reciting that he had "found reasonable cause to believe that such offense(s) were committed and that the accused committed them." A complaint sworn before an officer authorized to administer oaths is the equivalent of "an affidavit made before a magistrate" (G. L. c. 276, § 14). *Murphy, petitioner,* 321 Mass. 206, 213-214 (1947). Thus, the documents required by statute were submitted in proper form.

Upton argues, however, that the documents were not regular on their face because as to one affidavit, received from Arizona but not required by law, the affiant failed to complete the form of affidavit. The affidavit of a detective in the Mesa police department stated that an attached picture was that of Upton. He left blank the space on the form following the words: "This knowledge is based upon _____."

We have said that rendition papers may be regular on their face, even if accompanied by a superfluous affidavit that would not meet statutory requirements. *Murphy, petitioner, supra* at 212-214. See *Fenton v. State,* 91 Idaho 149, 151 (1966). The allegedly deficient affidavit was not required by law and in no way impeached the required documents. The judge was correct in ruling that the documents were proper on their face.

Upton also challenges the form of the complaint with respect to one charge against him, asserting that it does not charge a crime. The complaint for theft alleges, in part, that Upton "knowingly controlled property of [a named person] . . . with the intent to deprive [that person] of such property, in violation of [Ariz. Rev. Stat. Ann. § 13-1802 (1978) and other statutes]." Section 13-1802 of the Arizona Revised Statutes defines theft by requiring that the prohibited conduct be "without lawful authority." The complaint does not allege that Upton acted without lawful authority, but it does

assert that Upton's conduct violated § 13-1802. Upton cites
no Arizona authority to the effect that such a theft count
would not allege a crime.

Because Upton does not challenge the other count, alleg-
ing burglary, there is admittedly one valid charge set forth
in the complaint. Even if we assume that a court in an asy-
lum State may pass on whether a complaint charges a
crime, when the request from the demanding State implies
that it does (see *Munsey* v. *Clough*, 196 U.S. 364, 373
[1905]), any failure of the theft count to charge a crime
would be inconsequential. Indeed, unless Arizona has a
particularly strict view of criminal pleading, we would ex-
pect that an Arizona court would conclude that theft was
properly charged in the challenged count.

Upton also challenges the judge's conclusion that he failed
to meet his burden of showing that he was not a fugitive.
Upton concedes that, once the papers are shown to be regu-
lar on their face, the burden rests on him to prove that he
was not in the demanding State at the time of the offense.
The Governor's grant of extradition is prima facie evidence
that Upton is a fugitive. See *Michigan* v. *Doran, supra* at
289 (Governor's grant of extradition is prima facie evidence
that all constitutional and statutory requirements have been
met); *Bassing* v. *Cady*, 208 U.S. 386, 392 (1908) (warrant of
arrest issued by Governor of rendering State is prima facie
evidence that the accused is a fugitive); *Murphy, petitioner,
supra* at 210-211 (rendition warrant prima facie evidence
that all necessary legal prerequisites had been complied
with and, hence, evidence of the presence of petitioners in
the demanding State at the time of the crime alleged);
*Baker, petitioner*, 310 Mass. 724, 729, cert. denied, 316
U.S. 699 (1942) (rendition warrant prima facie evidence
that all legal prerequisites have been met). Upton's burden
was to show by clear and satisfactory evidence that he was
not a fugitive. *Baker, petitioner, supra* at 730. See *Munsey*
v. *Clough, supra* at 375 (mere contradictory evidence does
not warrant discharging a petitioner).

The judge considered evidence submitted by Upton which he contended showed that he was in Massachusetts at the time of the alleged offenses. We need not recite that evidence. Some of it the judge disbelieved; some she found to be inconclusive; and the rest did not exclude the possibility of Upton's presence in Arizona on the relevant dates. The judge reached her conclusion without considering evidence presented by a Commonwealth witness and, therefore, we need not consider whether Upton was improperly restricted in cross-examining that witness.

The judge ordered that the petition for a writ of habeas corpus be denied and continued Upton on $25,000 cash bail pending disposition of his appeal.

## The Reported Questions Concerning Bail

The judge has reported two questions concerning the right of a person to be admitted to bail during the course of a habeas corpus proceeding challenging rendition. The first concerns the right to bail while the habeas corpus proceeding is pending in the Superior Court. The second raises the issue of the right to bail pending appeal from the denial of a writ of habeas corpus seeking release from custody pursuant to a Governor's warrant.[1]

The issues raised by the reported questions are moot because the Superior Court proceeding has ended and we have disposed of Upton's appeal. However, except as they may be presented (a) on report of an interlocutory order to an appellate court for determination while the Superior Court action is pending or before the appeal is decided, or (b) through the single justice session of this court on a request

---

[1] The questions are:

"1. Once a person is arrested upon a Governor's Warrant may the court admit said person to bail pending a hearing on, and disposition of, a petition for writ of habeas corpus?

"2. Once a petition for writ of habeas corpus to be released from custody under arrest on a Governor's Warrant has been denied, may the person held on such warrant be admitted to bail pending appeal of such denial?"

for interlocutory relief, the issues will always be moot when they reach an appellate court. Because the questions are fully briefed and raise matters of importance that are likely to arise again, but are unlikely to be capable of appellate review in the normal course before they become moot, this is an appropriate occasion for us to comment on them. See *Department of Youth Servs.* v. *A Juvenile*, 384 Mass. 784 (1981), and cases cited; *Karchmar* v. *Worcester*, 364 Mass. 124, 136 (1973).[2]

We must take note of one further procedural matter. The judge presented the questions by a document entitled "Reservation and Report." Because she acted on the matter of bail, both pending her decision and pending appeal, she did not reserve any decision and report the propriety of her action. The reservation and report makes no reference to the source of any authority for reporting the questions. Nor do the parties advance any procedural basis for a report of the questions. A petition for a writ of habeas corpus is a civil, as opposed to a criminal, proceeding. Thus, Mass. R. Crim. P. 34, 378 Mass. 905 (1979), concerning reports, does not apply to this action. Rule 81 (a) (1) of the Massachusetts Rules of Civil Procedure, 365 Mass. 841 (1974), states that the civil rules do not apply to "proceedings pertaining to the writ of habeas corpus." Section 111 of G. L. c. 231 authorizes the report by a Superior Court judge of an interlocutory order where the matter ought to be determined by an appellate court before any further proceedings in the trial court. Here, however, there is no occasion for review of any interlocutory order before further proceedings in the trial court, because the judge did not contemplate further proceedings

---

[2] In *Selmon, petitioner*, 365 Mass. 632, 633 (1974), we declined "to state our views on the question of admission to bail after arrest on the Governor's warrant." The petitioner had been returned to the demanding State by the time the matter came before this court. We concluded that we would not decide the issue "until live controversies are presented." The controversy now presented is as viable as any we are apt to have presented in the normal course of appellate proceedings.

in the trial court.  We conclude, therefore, that there was
no procedural basis for a report of these questions to this
court.

This court has the constitutional and statutory (G. L.
c. 211, § 3) power of general superintendence of the courts
of the Commonwealth.  In the exercise of that power we
prefer to deal with these questions in circumstances which
are less pressured than would be the circumstances if the
questions were presented, for example, on a challenge by a
"fugitive" to the denial of bail as a matter of law.

We conclude that a judge of the Superior Court may ad-
mit a person to bail while that person's habeas corpus peti-
tion is pending in that court.  We find authority for the
granting of bail in G. L. c. 248, which concerns habeas cor-
pus.  Section 19 of that chapter authorizes admission to bail
of a person who is "detained for a cause or crime for which
he is bailable."  The statute makes no exception for persons
challenging rendition.  The cause for which a person is de-
tained must be "bailable."  The Uniform Rendition Law
states which offenses are bailable, and that restriction on
the right to bail should be recognized.  By G. L. c. 276,
§ 20D, a person held prior to his arrest on a warrant of the
Governor may be admitted to bail "[u]nless the offence with
which the person arrested is charged is shown to be an of-
fence punishable by death or life imprisonment."  If bail is
to be denied to a person so charged at that early stage of the
rendition process, both reason and the terms of G. L.
c. 248, § 19, require that it should be denied at habeas cor-
pus stages of the proceeding.  If there is a constitutional
right to bail in spite of the statutory direction, we will face
the question when it is presented.[3]  The crimes with which

---

[3] The question would arise as to the right to bail under art. 26 of the
Declaration of Rights of the Constitution of the Commonwealth. There is
also authority that, under the Constitution of the United States, "a citizen
cannot arbitrarily be denied a bail hearing solely because of a lack of stat-
utory authority for release.  Modern notions of due process and funda-
mental fairness militate against such a result." *West* v. *Janing*, 449
F. Supp. 548, 552 (D. Neb. 1978).

Upton is charged are not punishable by death or life imprisonment under Arizona law.[4]

We acknowledge that the general rule in this country is that bail is not available once a person has been arrested on a Governor's warrant. See Annot., 56 A.L.R.2d 668, 675, § 5 (1957, Later Case Serv. 1976, & Supp. 1982). Some courts have decided that they lack any inherent power to grant bail in such instances.[5] Others have held that State constitutional provisions concerning the right to bail are inapplicable to crimes committed against the laws of another State.[6] All courts which have considered the question seem to agree that the provision for bail in the uniform act, by its terms, applies only to the period prior to the person's arrest on a Governor's warrant.[7] However, we think that the statement in *Ruther* v. *Sweeney*, 137 N.E.2d 292, 296 (Ohio Ct. App. 1956), remains sound, namely, that determinations against the right to bail have been made in rendition cases, for the most part, "because of the absence of statutory authority, and where it was claimed the right to release on bail was to be found in the inherent power of the court in the administration of justice." Where there has been a statute authorizing bail in habeas corpus proceedings,

---

[4] Ariz. Rev. Stat. Ann. § 13-701 (1978 ed.).

[5] *State* v. *Jacobson*, 22 Ariz. App. 260, 264 (1974). *Allen* v. *Wild*, 249 Iowa 255, 259-260 (1957). *In re Lucas*, 136 N.J. Super. 24, 34, aff'd, 136 N.J. Super. 460 (1975). *In re Iverson*, 135 Vt. 255, 256 (1977). For cases *contra*, see n.9 below.

[6] *Johnson* v. *District Court of the City & County of Denver*, 199 Colo. 458, 460-461 (1980) (en banc). *Grano* v. *State*, 257 A.2d 768, 771 (Del. Super. 1969). *Allen* v. *Wild, supra* at 259. *State ex rel. Howard* v. *St. Joseph Super. Court*, 262 Ind. 367, 370 (1974). *State* v. *Second Judicial Dist. Court*, 86 Nev. 531, 536-537 (1970), cert. denied sub nom. *Van Sickle* v. *Nevada*, 401 U.S. 910 (1971). *In re Iverson, supra* at 255-256.

[7] *Balasco* v. *State*, 52 Ala. App. 99, 102 (1974). *State* v. *Jacobson, supra* at 264. *Johnson* v. *District Court of the City & County of Denver, supra* at 460. *Allen* v. *Wild, supra* at 259. *State ex rel. Howard* v. *St. Joseph Super. Court, supra* at 369. *State ex rel. Partin* v. *Jensen*, 203 Neb. 441, 447 (1979). *State* v. *Second Judicial Dist. Court, supra* at 534. *In re Lucas, supra* at 31. *State* v. *Pritchett*, 12 Wash. App. 673, 674-675 (1975).

which made no exception as to fugitives, courts have generally recognized their authority to grant bail during habeas corpus challenges to rendition proceedings. See *Application of Haney*, 77 Idaho 166, 171 (1955) (relying on State Constitution and statute to allow bail, including bail pending appeal from denial of writ); *Ruther* v. *Sweeney, supra* at 296 ("In every case where the right to release the relator on bail in an appeal from a denial of release in a habeas corpus case was based on statutory authority the holdings are in complete accord with our conclusions in this case [i.e., allowing bail pending appeal]"); *Ex parte Quinn*, 549 S.W.2d 198, 200 (Tex. Crim. App. 1977).[8] Some courts, contrary to the majority view (see n.5 above), have recognized an inherent power to grant bail in a proceeding of this nature.[9] Because there is explicit statutory authority for bail while a habeas corpus proceeding is pending in the Superior Court, we need not decide what, if any, inherent power there might be to grant bail.[10]

---

[8] Rule 23(b) of the Federal Rules of Appellate Procedure expressly permits release on recognizance of a prisoner appealing the denial of habeas corpus in a Federal court. It has been held that there is an inherent power in a Federal District Court to release on bail a State prisoner whose habeas corpus petition is pending in a Federal court. See *Woodcock* v. *Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972).

[9] See *Johnson* v. *District Court of the City & County of Denver, supra* at 460 (inherent power to grant bail after service of the Governor's warrant, including pending appeal); *Carino* v. *Watson*, 171 Conn. 366, 369-371 (1976) (trial court has inherent power to grant bail); *State ex rel. Partin* v. *Jensen*, 203 Neb. 441, 447 (1979) ("Modern notions of due process and fundamental fairness demand that a citizen should not arbitrarily be denied bail solely because there is no statute specifically authorizing the granting of bail").

[10] There are several examples of bail being allowed in this Commonwealth during the course of habeas corpus challenges to a Governor's warrant. See *Consalvi, petitioner*, 376 Mass. 699, 700 n.1 (1978) (petitioners released on personal recognizance pending final disposition of proceedings); *Puopolo, petitioner*, 372 Mass. 868, 869 (1977) (cash bail pending appeal from denial of the writ of habeas corpus); *Maldonado, petitioner*, 364 Mass. 359, 361 n.2 (1973) (bail allowed during rendition proceedings, including appellate proceedings); *Graves's Case*, 236 Mass. 493, 497 (1920) (bail in Superior Court and during appellate proceedings).

Our conclusion does no violence to the mandate of the Uniform Rendition Law, G. L. c. 276, § 20R, that the law "shall be so interpreted and construed as to effectuate [its] general purpose to make uniform the law of those states enacting similar laws." We are not construing that law. We are construing the statutes of the Commonwealth concerning bail in habeas corpus proceedings. The Uniform Rendition Law is silent on bail after arrest on a Governor's warrant. It leaves each State to its own devices with respect to bail in such circumstances. The various States which have adopted the Uniform Rendition Law have shown no uniformity on the question of the right to bail while habeas corpus proceedings challenging rendition are pending. Hence, the statutory mandate for uniformity among States enacting the Uniform Rendition Law, even if it were applicable in these circumstances, could not be fulfilled.[11]

The matter of bail pending appeal is largely disposed of by what we have said concerning the authority of a Superior Court judge to admit a person to bail pending determination of the merits of that person's habeas corpus challenge to rendition. A person denied relief in a habeas corpus proceeding may appeal from the final judgment. G. L. c. 231, § 113. In turn, G. L. c. 231, § 117, as appearing in St. 1973, c. 1114, § 202, allows a judge of the Superior Court to "make any proper interlocutory orders, pending such appeal." Like G. L. c. 248, § 19, it makes no exception for "fugitives." Admission to bail pending appeal would be a "proper interlocutory order," in appropriate circumstances.

We grant that we do not have an explicit statute authorizing bail pending appeal from a denial of a habeas corpus petition as we do (G. L. c. 248, § 19) for bail while such a

---

[11] The new Uniform Extradition and Rendition Act adopted in 1980 by the Commissioners on Uniform State Laws, § 3-106(c), 11 U.L.A. 87 (Master ed. Supp. 1982), provides that after a person is arrested on a Governor's warrant "[t]he judge shall (i) release the person upon conditions that will reasonably assure availability of the person for the hearing, or (ii) direct a law enforcement officer to maintain custody of the person."

proceeding is pending in the Superior Court. Although the authority to admit to bail pending appeal is more circumscribed than while the matter is pending in the lower court (the writ having been denied), we decline to place a person who wishes to appeal such a denial in the position of either forgoing the appeal or being incarcerated while the appeal is pending. Such a result would substantially discourage appeals, even seemingly meritorious ones. In this Commonwealth, in appropriate circumstances, convicted felons are entitled to be admitted to bail while their appeals are pending. We note the standards that govern the right of a convicted defendant to a stay of execution pending appeal, and conclude that the same standards should apply to the question of bail pending a "fugitive's" appeal from the denial of a writ of habeas corpus. See *Commonwealth* v. *Hodge (No. 1)*, 380 Mass. 851, 855 (1980). One category for consideration includes the likelihood of success on appeal. *Id.*

Although we have concluded that bail may be granted in habeas corpus proceedings challenging rendition, we do not intend to say that bail must be granted. All of the normally relevant considerations bearing on bail are applicable. We have noted the statutory limitation on bail in those cases where the punishment in the demanding State is death or life imprisonment. Moreover, the Commonwealth's obligations to the demanding State should be recognized. It would be a rare case in which bail would be warranted when the "fugitive" had escaped from custody in the demanding State or had violated the terms of his release on bail, parole, or probation. Even where the "fugitive" has not yet been convicted, bail should be granted only in circumstances in which it is reasonably certain that the Commonwealth will be able to fulfil its obligation to turn the "fugitive" over to the demanding State if he is unsuccessful in his habeas corpus challenge.

## Conclusion

The order denying the petition for a writ of habeas corpus is affirmed. The reported questions are answered in the affirmative, that is, that admission to bail is authorized, subject to the limitations expressed in this opinion.

*So ordered.*