PETER JAN BOSWORTH, petitioner. October 6, 1983. *Extradition and
Rendition. Habeas Corpus.*

Upon the hearing of a petition for habeas corpus to question his con-
finement pursuant to a Governor's warrant that looked to his rendition to
Pennsylvania, the petitioner was limited by the judge of the Superior
Court, over objection, to the conventional grounds of contest, such as
identity, fugitive status, etc., that have been held available in *Maldonado,
petitioner*, 364 Mass. 359, 362 (1973), *Brown, petitioner*, 370 Mass. 267,
270 (1976), and *Upton, petitioner*, 387 Mass. 359, 361 (1982). So limited,
the petitioner failed of relief. The nub of the claim that the petitioner de-
sired to press was that, in violation of an alleged constitutional right, the
Commonwealth failed to afford him counsel for a period of some five
months after Pennsylvania lodged its "detainer" (Interstate Agreement on
Detainers, St. 1965, c. 892, § 1, et seq.) in the Barnstable house of correc-
tion, where he was being held under sentence for crime. We need not
enter upon a discussion whether that claim should have been heard on
habeas corpus despite the cited cases, or was rather to be asserted, if it
could be asserted at all, in an anterior proceeding in this Commonwealth,
or in a proceeding in Pennsylvania after delivery of the petitioner there.
In fact, as was made to appear at the argument of this appeal, the peti-
tioner evidently was represented by counsel after the period mentioned
and while there was still time for him to make and pursue a reasoned
choice among the courses open to a person who is the object of a detainer.[1]
Thus, even if it be assumed that the claim to counsel of one in that predic-
ament is of constitutional rank (but see *Meachum* v. *Fano*, 427 U.S. 215,
225 [1976]; *Moody* v. *Daggett*, 429 U.S. 78, 87 [1976]; *Olim* v. *Wakine-
kona*, 461 U.S. 238, 244-245 [1983]; *Commonwealth* v. *Glavin*, 354 Mass.
69, 73 [1968]; *Applications of Oppenheimer*, 95 Ariz. 292, 299 [1964];
*Wertheimer* v. *State*, 294 Minn. 293, 298 [1972]), the present petitioner

---

[1] The person may act under art. III of the Agreement, thereby yielding to a re-
turn to the demanding State for prompt trial, or await and if feasible resist involun-
tary proceedings, meanwhile undertaking any possible negotiations. There is no
suggestion that the petitioner chose at any time to expedite criminal proceedings in
Pennsylvania by acting under art. III.

Rescript Opinions.

can show no material prejudice. See *United States* v. *Morrison,* 449 U.S. 361, 366 (1983); *Commonwealth* v. *Cinelli,* 389 Mass. 197, 209-210 (1983). Accordingly, the denial of the petition for a writ of habeas corpus is

*Affirmed.*

*Daniel E. Callahan* for the petitioner.

*Martin E. Levin,* Assistant Attorney General, for the respondent.