602 A.2d 285

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. RALPH MOREL, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 8, 1992—Decided January 30, 1992.

Before Judges GAULKIN, BRODY and LANDAU.

*Shaljian, Cammarata & O'Connor,* attorneys for appellant (*Thomas J. Cammarata,* of counsel and on the letter brief).

*Robert J. Del Tufo,* Attorney General, attorney for respondent (*Frank M. Gennaro,* Deputy Attorney General, of counsel and on the letter brief).

The opinion of the court was delivered by

BRODY, J.A.D.

The issue in this appeal is whether Ralph Morel (the accused), held in this state under a fugitive warrant originating in New York, is bailable. The accused is charged in a New York indictment with serious drug crimes for which, if convicted, he could be sentenced to life imprisonment. He is presently resisting rendition to New York in *habeas corpus* proceedings pending in the Law Division. Judge DiGisi correctly held that the accused is not bailable in this state because offenses with which he is charged in New York are punishable there by life imprisonment.

The issue is governed by the Uniform Criminal Extradition Law (Uniform Act), *N.J.S.A.* 2A:160–6 *et seq.,* the New Jersey version of a uniform law adopted by all the states. The applicable portion is *N.J.S.A.* 2A:160–24, which provides:

> *Unless the offense with which the accused is charged is shown to be an offense punishable by death or life imprisonment under the laws of the state in which it was committed,* a judge or magistrate in this state may admit the person to bail by bond or undertaking, with sufficient sureties, and in such sum as he deems proper, conditioned for his appearance before him at a time specified in such bond or undertaking, and for his surrender, to be arrested upon the warrant of the governor of this state. [Emphasis added.]

The accused argues that the emphasized language of the Uniform Act must give way to a provision in the New Jersey Constitution and a Rule of Court.

*N.J. Const. of 1947* art. I, par. 11 provides:

> No person shall, after acquittal, be tried for the same offense. All persons shall, before conviction, be bailable by sufficient sureties, *except for capital offenses* when the proof is evident or presumption great. [Emphasis added.]

*Rule* 3:26–1(d) provides:

> Where a person has been arrested in any extradition proceeding, he may be admitted to bail *except where he is charged with a crime punishable by death.* [Emphasis added.]

No case has dealt with the asserted conflict between the Uniform Act and the New Jersey Constitution, and the inescapable conflict between the Uniform Act and the Rule respecting whether an accused charged in another state with an offense punishable there by life imprisonment is bailable here during the pendency of rendition proceedings.[1]

The Uniform Act has its roots in the United States Constitution. *U.S. Const.* art. IV, § 2, cl. 2 provides in relevant part:

> A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

Congress established the basic procedure for executing the Constitutional mandate by enacting the Federal Rendition Act, 18 *U.S.C.* § 3182, which provides:

> Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of arrest, the prisoner shall be discharged.

---

[1]This court has held that an accused in rendition proceedings is not bailable after the New Jersey Governor has issued his warrant. *In re Lucas,* 136 *N.J.Super.* 24, 31–34, 343 *A.2d* 845 (Law Div.1975), *aff'd o.b.,* 136 *N.J.Super.* 460, 346 *A.2d* 624 (App.Div.1975), *certif. den.,* 69 *N.J.* 378, 354 *A.2d* 306 (1975). More recently another part of this court held the contrary. *Matter of Basto,* 205 *N.J.Super.* 233, 500 *A.2d* 736 (App.Div.1985). However, the Supreme Court modified the later holding, limiting its application to nonfugitive accuseds, without deciding whether a fugitive accused is bailable post-warrant. *Matter of Basto,* 108 *N.J.* 480, 489–492, 531 *A.2d* 355 (1987). A person is a fugitive if he was in the state where and when the alleged crime occurred and later fled or was otherwise removed from that state. *Munsey v. Clough,* 196 *U.S.* 364, 374, 25 *S.Ct.* 282, 284–85, 49 *L.Ed.* 515, 517 (1905).

The Uniform Act furthers article IV of the United States Constitution by providing specific procedures to be employed by the states when implementing the Federal Rendition Act. *Matter of Basto,* 108 *N.J.* 480, 485, 531 *A.*2d 355 (1987). Thus the Uniform Act carries with it the preemptive lineage of the United States Constitution and a Congressional enactment. *See Michigan v. Doran,* 439 *U.S.* 282, 288–289, 99 *S.Ct.* 530, 534–536, 58 *L.Ed.*2d 521, 527 (1978). It follows that any provision in the New Jersey Constitution or New Jersey Rules of Court that is contrary to the rendition process of the Uniform Act must yield to the Act.

We therefore conclude that the New Jersey constitutional right to bail applies only to New Jersey crimes and does not bar application of the non-bailable provisions of the Uniform Act. The Supreme Court of Vermont, considering the question under the Vermont Constitution, came to the same conclusion. *In re Clifford Iverson,* 135 *Vt.* 255, 376 *A.*2d 23 (Vt.1977).[2] We also conclude that *R.* 3:26–1(d) must yield to the Uniform Act insofar as the Rule purports to authorize bail for offenses punishable in the demanding state by life imprisonment. We note that in *dictum* our Supreme Court appears to have assumed the primacy of the Uniform Act in this regard:

> Thus the Uniform Act as adopted in New Jersey provides specifically for bail consideration after arrest and prior to issuance of the New Jersey governor's warrant, save for cases in which the death penalty or life imprisonment are possibilities. At oral argument in this Court the parties disagreed on whether Florida [the demanding state] treats the offenses with which these accuseds are charged as punishable by life imprisonment. There was no finding below on that point and it has not been briefed in any depth, nor does the State strenuously urge it as a ground of reversal. We are therefore disposed to reach the basic issue—the bail-eligibility of these accuseds—wherefore we assume away, as the parties appear content to have us do, the life-imprisonment-disqualification point. [*Basto,* 108 *N.J.* at 486, 531 *A.*2d 355.]

---

[2] *N.J.S.A.* 2A:160–7 provides that the Uniform Act "shall be so interpreted and construed as to effectuate its general purposes to make uniform the law of those states which enact it."

We reject the accused's final argument that the bar against bail in the Uniform Act respecting offenses punishable by life imprisonment applies only to life imprisonment without parole. The Act provides that the non-bailable offenses are "punishable" by death or life imprisonment, not "punished" by death or life imprisonment. As the *Basto* Court said, the provision applies to "cases in which the death penalty or life imprisonment are possibilities." *Ibid.*

Affirmed.