MIGUEL ANGEL QUINONES & another[1] *vs.* COMMONWEALTH. November 4, 1996. *Interstate Compact on Juveniles. Delinquent Child. Probable Cause. Practice, Criminal,* Probable cause hearing.

The plaintiff juveniles appeal from an order of a single justice of this court denying them relief, pursuant to G. L. c. 211, § 3 (1994 ed.), from an order entered on September 12, 1995, in the juvenile session of the Fitchburg District Court. That order directed that, pursuant to the Interstate Compact on Juveniles, St. 1955, c. 687, as amended (compact), the juveniles be returned to West Virginia to answer delinquency petitions pending against them. In the juvenile session, the juveniles argued that proper procedure required that a Governor's warrant be produced pursuant to G. L. c. 276, §§ 11-20 (1994 ed.).

We set forth the judge's essential findings. In July, 1995, the Commonwealth received from West Virginia authorities requisitions for the return of each juvenile pursuant to the compact. The requisitions, based in part on art. XVI of the compact (see St. 1958, c. 92, amending St. 1955, c. 687) which concerns the return of juveniles charged with delinquency, included an order signed by a judge that good cause had been shown for the request. West Virginia had identified the juveniles adequately. The judge ruled that the Commonwealth was obliged to deliver the juveniles to West Virginia.

Our consideration of the juveniles' arguments has been impeded by the failure of their brief (a) to make appropriate references in the statement of facts to pages of the record (see Mass. R. A. P. 16 [e], as amended, 378 Mass. 940 [1979]), (b) to include the relevant docket entries and complaint filed in the county court (see Mass. R. A. P. 18, as amended, 417 Mass. 1602 [1994]), and (c) to separate their contentions by instructive headings.

We consider only issues raised both in the juvenile session and in the petition filed before the single justice. The juveniles claim that they should not be returned to West Virginia, arguing that (1) there was no probable cause shown that they committed the offenses charged and (2) the compact is not in effect in the Commonwealth.

The juveniles were not entitled to a probable cause hearing in Massachusetts because the demanding State, West Virginia, had found probable cause. See *A Juvenile, petitioner,* 396 Mass. 116, 120 (1985); *Consalvi, petitioner,* 376 Mass. 699, 702 (1978); *Hayes, petitioner,* 18 Mass. App. Ct. 583, 589 (1984). The West Virginia warrants for the arrest of the juveniles and, more particularly, the judicial orders for their return recite that probable cause had been found.

Massachusetts (see St. 1955, c. 687, as amended through St. 1958, c. 92, and St. 1958, c. 362) and West Virginia (W. Va. Code §§ 49-8-1 — 49-8-7

---

[1]Miguel Angel Gonzalez.

[1995]) have adopted the compact. Section 1 of St. 1955, c. 687, authorizes and directs the Governor "to execute a compact on behalf of this commonwealth with any other state or states legally joining therein in the form substantially as follows." Article XIII, entitled "Execution of Compact," states that the compact with another State "shall become operative immediately upon its execution by any state as between it and any other state or states so executing." St. 1955, c. 687, § 1, art. XIII. A Governor approved the 1955 act and the 1958 amendments. Every State and the District of Columbia have adopted the compact (see 18 Mass. Gen. Laws Ann. c. 119 App. § 1-1, Historical and Statutory Notes at 53 [West Supp. 1996]). The Governor is not only authorized but directed to execute compacts. Our statute setting forth the compact certainly has represented the law of the Commonwealth concerning juvenile rendition, and it is too late now to claim (even if the juveniles have any standing to do so) that a formal document executed by the Governor is required before the Commonwealth may properly respond to West Virginia's request for the juveniles' return.

The order of the single justice denying relief is affirmed.

*So ordered.*

*John A. Bosk* (*Jeffrey A. Aveni* with him) for the plaintiffs.

*Sandra L. Hautanen,* Assistant District Attorney, for the Commonwealth.