KATHERINE DOUCETTE, petitioner.

No. 96-P-956.

Middlesex. February 5, 1997. - March 11, 1997.

Present: ARMSTRONG, GILLERMAN, & LENK, JJ.

*Extradition and Rendition. Habeas Corpus. Constitutional Law,* Extradition. *Probable Cause.*

A Superior Court judge correctly dismissed a petition for writ of habeas corpus that sought an examination of the petitioner's defenses to an alleged violation of Florida law for which Florida sought rendition and a determination whether Florida had properly issued a warrant on probable cause, where all requirements for rendition as set forth in *Upton, petitioner,* 387 Mass. 361 (1982), were present. [310-312]

PETITION for writ of habeas corpus filed in the Superior Court Department on April 10, 1996.

The case was heard by *Robert Malcolm Graham*, J.

*David Berman* for the petitioner.

*William J. Duensing*, Assistant Attorney General, for the Commonwealth.

ARMSTRONG, J. The petitioner, Doucette, has been charged in the State of Florida with the criminal offense of interfering with the custody of Margaret Enos, her mother, who was then under the judicially ordered guardianship of Adult Comprehensive Protection Services, Inc. Doucette brought Enos to Massachusetts in violation of law, the Florida charge alleges, and the Governor of that State is seeking rendition of Doucette to Florida (the demanding State) to stand trial on that charge. See *Guardianship of Enos*, 41 Mass. App. Ct. 360, 361 n.1 (1996). Based on the Florida request, the Governor of the Commonwealth (the asylum State) issued a rendition warrant for Doucette's arrest, under which she is now held. By this petition for release on habeas corpus, she challenges the validity of the impending rendition.

The petition in effect asks that we review the affidavit that was before the Florida judge who issued the Florida arrest warrant, to determine whether the facts recited therein make out a showing of probable cause to believe that the charged crime was committed by the petitioner. As authority for doing so, the petitioner relies on *Consalvi, petitioner*, 376 Mass. 699 (1978); but that decision is not read as authorizing a Massachusetts court to look behind a determination of probable cause made by a judge of the demanding State. See *Quinones* v. *Commonwealth*, 423 Mass. 1015, 1015 (1996). "[O]nce the governor of the asylum state has acted on a request for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." *Michigan* v. *Doran*, 439 U.S. 282, 290 (1978). "Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." *Upton, petitioner*, 387 Mass. 359, 361 (1982), quoting from *Michigan* v. *Doran, supra* at 289. To the same effect, see *Gay, petitioner*, 406 Mass. 471, 475 (1990). *Commonwealth* v. *Beauchamp*, 413 Mass. 60, 63 (1992). *Whitehouse, petitioner*, 18 Mass. App. Ct. 455, 457 (1984).

The arrest warrant itself does not recite the Florida judge's finding of probable cause. Such a finding, however, is implicit in the requirement of Florida's statute and rule that the warrant may issue only on such a finding. Fla. Stat. Ann. § 901.02 (West 1996); Fla.R.Crim.P. 3.120 ("reasonable ground to believe the complaint is true").[1] The statutory prerequisite furnishes in this case, as in *Whitehouse, petitioner, supra* at 458, the assurance that probable cause was judicially found. See also *Hayes, petitioner*, 18 Mass. App. Ct. 583, 589-590 (1984). "[T]he fourth amendment, as applied to the states

---

[1]The Florida statute and rule authorize the judge to take testimony under oath to supplement the recitations of the affidavit. The warrant can only be issued if the judge "reasonably believes that the person complained against has committed an offense within his jurisdiction." Fla. Stat. Ann. § 901.02 (West 1996). Compare *Whitehouse, petitioner*, 18 Mass. App. Ct. 455, 458 (1984).

by the fourteenth amendment, requires only that, prior to an extradition, there in fact have been a finding of probable cause by a neutral judicial officer, not that the demanding papers, additionally, must say so." *Zambito* v. *Blair*, 610 F.2d 1192, 1196 (4th Cir. 1979), cert. denied, 445 U.S. 928 (1980), quoted in *Whitehouse, petitioner, supra* at 457.

It is conceded that Doucette is a fugitive from Florida justice, that she is the person named in the rendition process, and that she has been charged with a crime by Florida. All requirements for rendition having been met, the judge was correct in refusing to be drawn into an examination of Doucette's defenses to the charge (including those going to the validity of the guardianship) and in ordering the petition dismissed.

*Order denying petition for writ*
*of habeas corpus affirmed.*