### STATE *v.* L. PORTE'S SECURITIES.

A bond reciting that defendant had been convicted by the District Court for selling liquor to slaves, reciting also that defendant had taken a suspensive appeal from said judgment to the Supreme Court, and having for its condition that the defendant should " abide by and satisfy the judgment of this (the District) court, if confirmed by the Supreme Court," is neither a bail bond nor a recognizance. As an appeal bond, it is defective, as the defendant was exempt from giving one.

The law of 1852 empowers Clerks to issue legal process under the mandates and decrees of the Supreme Court, without waiting for the regular term of the District Court, or for its order to file and record them.

APPEAL from the District Court of Point Coupée, *Cooley,* J.
P. A. *Roy,* for the State. *Provosty & Farrar,* for defendant and appellant.

VOORHIES, J. The defendant, *Louis Porte,* was convicted of the offence of selling spirituous liquors to a slave, and sentenced to pay a fine of $310, and to be imprisoned for the term of one month. From which judgment he took an appeal, giving his bond for the sum of $800, the condition of which is stated to be as follows, viz:

"Now, the condition of the above obligation is such, that whereas the above bounden *Louis Porte,* has been convicted by the honorable the Ninth Judicial District Court of the State of Louisiana, at its December term, 1853, upon an indictment for selling liquor to a slave on the 12th of July, 1853, and has been sentenced to one month's imprisonment and to a fine of $310 ; and whereas the said *Louis Porte* has taken a suspensive appeal from said judgment to the Supreme Court of the State, returnable on the 4th Monday of January, at New Orleans. Now, if the above bounden *Louis Porte,* abide by and satisfy the

judgment of this court, if confirmed by the Supreme Court, this obligation is to be null and void, ·otherwise to remain in full force and virtue. Signed,) Louis Porte, Auguste Graugnard, C. Kleborn, H. Casenave. Attest, James A. Morgan, Sheriff."

The judgment thus appealed from was affirmed in February last. See 9 Annual.

The judgment rendered in this case against the sureties and appellants, decreeing the forfeiture of this bond, was based on the summary mode of proceeding prescribed by the Statute of 1837, which makes it the duty of the District Attorney, on the second, or on any other subsequent day thereafter, of each regular term of the District Court, by motion with leave " to call any or all person or persons who may have entered into any bond, recognizance or obligation whatsoever, for their appearance or attendance at court, and also to call on the surety or securities to produce *instanter*, in open court, the person of such defendant or party accused, and upon failure to comply therewith, enter up judgment against principal and securities *in solido* for the full amount of the bond," &c. Session Acts, 1837, 99.

Under the Statute of 1846, it is made the duty of the Clerk of this court, upon the final decision of any criminal cause, to transmit a certified copy thereof to the court from which the appeal may have been taken, " which copy shall, on motion, be filed, recorded and ordered to be executed by the lower court in the manner provided by law in civil cases." Session Acts, 1846, 102. This Act was subsequently amended, by delegating to the Clerks of the District Courts, " the power to receive, file and record all mandates and decrees rendered by this court in causes taken up by appeal from their respective courts, and to issue all legal process under said mandates and decrees." Acts 1852, 207. It is therefore obvious, that the judgment against the defendant, *Porte*, affirmed by this court, could have been carried into execution previous to the regular term of the District Court, or without its previous order for the filing and recording of the mandate of this court. Hence there was no legal obligation on the part of the defendant in this case to appear at the regular term of the court; but the necessary *capias* should have been issued against him.

But the question presented in this case is, whether the defendant's bond is to be considered as a bail bond, or as an appeal bond. " Bail, in criminal cases, is defined to be a delivery or bailment of a person to his securities, upon their giving, together with himself, sufficient security for his appearance, he being supposed to be in their friendly custody, instead of going to prison." It is clear that such is not the condition stipulated in the bond sued on, the principal in which having only bound himself to abide and satisfy the judgment of the District Court, if confirmed by this tribunal, from which he had taken a suspensive appeal. It possesses none of the attributes of a bail bond or recognizance. And as an appeal bond, it is void and of no effect, as the defendant was legally exempted from giving an appeal bond. Acts 1846, 100.

It is therefore ordered and decreed, that the judgment of the District Court be avoided and reversed, and that there be judgment in favor of the appellants.