## No. 3896

### Second Circuit

---

## STATE EX REL. MARTIN v. CITY OF MONROE ET AL.

---

(December 23, 1930. Opinion and Decree.)

---

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, attorneys for plaintiff, appellant.

W. A. Walker, Jr., W. M. Harper and H. H. Russell, of Monroe, attorneys for defendant, appellee.

DREW, J. The petition alleges that on April 2, 1930, one H. J. Hicks was arrested by police officers of the city of Monroe and charged with driving and operating a motor vehicle while drunk; that his bond was fixed at the sum of $375, and that J. R. Martin deposited the sum of $375 in cash with the authorities of the city of Monroe for the purpose of securing the release of the said Hicks and for the purpose of securing the appearance of the said Hicks in the city court of Monroe for trial on April 7, 1930; that on April 7, 1930, the said Hicks appeared for trial, was tried and convicted; that the condition upon which the deposit for bond was made was complied with by the appearance and conviction of the said Hicks; that respondents have refused to deliver possession of the said money to relator and are illegally retaining his money; and that relator is entitled to the return of his money.

Relator prays that writs of mandamus issue herein, directed to the mayor of the city of Monroe, the commissioner of finance, the commissioner of streets and parks of the city of Monroe, and to the judge of the city court of Monroe, both in his official capacity and individually, and to each of them, ordering and commanding them to deliver and turn over to relator the $375—$250 in the hands of the city judge, and $125 in the possession of the city of Monroe, La.

Respondents answered the rule to show cause, alleging that the money deposited for bond was deposited by the said Hicks to guarantee his appearance for trial, admit that Hicks appeared for trial and was convicted, and allege that, after conviction, Hicks appealed to the district court of Ouachita parish and instructed the police desk sergeant, who had in his possession the $375 to deduct from the $375 the sum of $84 to cover the amount of a bond previously forfeited against the defendant, Hicks, for non-appearance on a previous charge, and to deliver to the city judge of the city court of Monroe $250 as bond for the appeal above referred to; that the desk sergeant paid to the treasurer of the city of Monroe $84, as requested by Hicks, turned over to the city judge $250 for appeal bond, and has in his possession $41, which he is informed and believes belongs to the said Hicks.

Respondents deny that the said relator is entitled to the return of said money, and allege that the money was deposited by Hicks and not by relator and pray to be discharged from further answering, and that the rule be dismissed.

After trial of the rule in the lower court, the writs of mandamus issued herein were set aside and annulled and relator's de-

mand rejected at his cost. From this judgment, relator has appealed.

There has been no question raised as to the form of procedure, and, however unusual the form of procedure might strike us to be, we presume that the respondents are desirous of having the rights of the parties decided, and, if the city of Monroe is not entitled under the law to the money held by it, that it has no desire to retain it through technicalities.

There is very little dispute over the facts in the case. Hicks was arrested, as alleged, and placed in the city jail of Monroe, where he remained over night. Then relator appeared at the police station with the brother of Hicks, and relator placed with the proper officer the sum of $375 in cash, as bond for Hicks. Relator secured the money from the Bank of West Monroe by personal check, and the officer who received the money from relator placed it in an envelope and made the following notation on the back of the envelope:

"Monroe, Louisiana, April 2, 1930. $375.00 in cash put up by J. R. Martin for H. J. Hicks' bond to appear April 2, 1930, 3 p. m."

At the time the money was put up by Martin, the man Hicks was confined in the city jail, and was not present, and all parties present, including the officer who received the money, testify that Martin put up the money and not Hicks. There is no dispute on this point, and the uncontradicted testimony is that the money was the property of relator, Martin, and not of Hicks.

At the time of the trial of Hicks, relator was sick and confined to his bed, where he remained for six weeks or two months, and therefore did not call for his money. However, as soon as he was physically able to call at the police station, he demanded his money, and it was refused him. The only authority the police officer who held the money had for paying the $84 to the city for a bond of Hicks that had been forfeited in another case was from Hicks and not from Martin. The only authority for delivering $250 to the city judge for an appeal bond was from Hicks and not from Martin. In fact, Martin was never consulted about the disposition of his money at any time; the police officers relying entirely on what Hicks told them about it.

The city of Monroe, through its officers, and its officers, were without authority to use the money deposited by relator for the bond and appearance of Hicks for any other purpose other than that for which it was deposited.

Article 97 of the Code of Criminal Procedure for Louisiana provides for the giving of cash bonds; and article 98 sets forth the duties of the officer receiving such cash bond. Article 99 deals with the duty of the court when such bond is discharged. Article 100 exempts such bonds from garnishment or attachment, and says:

"No assignment thereof shall be valid unless it be in writing, signed by the depositor, before two witnesses, acknowledged before an officer having authority to take the acknowledgment of deeds, and specifically stating the desired disposition of the whole of the deposit. * * *"

The condition of a bond is that the accused will appear for trial on the day set and stand trial. After Hicks appeared on the day of trial, was tried and convicted, the condition of the bond made for him by Martin, the relator herein, had been discharged, and the bond was discharged. It was the duty of the judge of the city court to enter an order to that effect and the duty of the police officer in whose possession the money was to deliver it to the

relator, Martin. The said officer was entirely without authority to make any other disposition of the money deposited by Martin.

Respondents, in argument and in brief, urge that there was a conspiracy between Hicks and Martin, whereby Hicks failed to appear for trial in the district court and for Martin to then demand his money from the city. However, there is no evidence to support the theory. It is shown that Martin was afflicted with a disease which forced his remaining in bed for several months, and that as soon as he was physically able to appear he demanded his money. He also testified that he was anxious to find the man Hicks, against whom he had filed a charge of embezzlement. There is absolutely nothing to support the theory of conspiracy.

The $375 was the property of relator; it was put up as a cash bond for Hicks, and the bond was discharged, and the money should have been returned to relator.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and that there be judgment in favor of relator and against respondents making the writs of mandamus issued herein peremptory, and that the city of Monroe, herein represented by Arnold Bernstein, mayor, D. A. Breard, commissioner of finance, and Will Atkinson, commissioner of streets and parks, and W. M. Harper, judge of the city court of the city of Monroe, are hereby ordered and commanded to deliver to the relator, J. R. Martin, the sum of $375, to-wit, $250 in the possession of W. M. Harper, judge of the city court of Monroe, La., and $125 in the possession of the city of Monroe. It is further ordered, adjudged, and decreed that the respondents pay all costs of both courts.