ODOM, Justice.
 

 This is a proceeding to forfeit an appearance bond. The facts are that in the month of January, 1943, a bill of information was filed against the defendant Charles H. Springer, charging him with the crime of simple burglary of a commercial building belonging to the H. G. Hill Stores, Inc. He was arrested, and on February 23, 1943, was released from custody upon furnishing an appearance bond in the amount of $1000 signed by him as principal and by Mrs. Josephine Springer as surety.
 

 That portion of the appearance bond which is copied in the record brought up to this court reads as follows:
 

 “ * * * The condition of the Above Obligation is such, That if the above bounden Charles H. Springer shall personally appear before the Honorable the Criminal District Court for the Parish of Orleans, to be held on the day for which he shall be so notified, then on whatever day afterwards the said Court shajl be held, or he shall be notified to attend then and there, to answer to the State aforesaid and concerning a charge of Viol. Art. 62 of Louisiana Criminal Code with which offense the said Charles H. Springer stands charged before said Court, and shall not depart thence without leave of said Court,
 
 and shall keep the peace in the meantime
 
 then the above obligation to be null and void, else in force and virtue * * (Italics are the writer’s.)
 

 On April 6, 1943, while the defendant was at liberty under the appearance bond which he had given, he committed the crime of robbery. On June 24, 1943, he was tried for this latter crime and was convicted and sentenced to a term of five years at hard labor in the State Penitentiary.
 

 
 *315
 
 On March 7, 1944, the district attorney-ruled the defendant and his surety to show cause why the appearance bond, given for his release from custody on the first, or burglary, charge, should not be forfeited, on the alleged ground that he, “ * * * having breached the condition of the Bail Bond under which he was released from custody in that cause, in that the said defendant failed to keep the peace of the State while at liberty thereunder, that said Bail Bond is by law, and the express condition of said Bail Bond subject to forfeiture * * »
 

 The defendant through counsel filed an exception of no cause of action, which was sustained by the trial judge, and the State appealed.
 

 The ruling of the trial judge was correct. According to Article 111 of the Code of Criminal Procedure:
 

 “The term ‘appearance bond’ shall be taken and intended to mean every bail bond, recognizance or other obligation, or deposit of money made or taken to secure the appearance of any person before any court 3j< ijj ”
 

 In the case of State v. Porte’s Securities, 10 La.Ann. 148, which was decided in 1855, this court quoted the following as a definition of a bail bond:
 

 “Bail, in criminal cases, is defined to be a delivery or bailment of a person to his securities, upon their giving, together with himself, sufficient security for his appearance, -he being supposed to be-in their friendly custody, instead of going to prison.”
 

 This definition is practically the same as that set out in Act No. 104 of 1837. This is the - definition which has 'always been recognized by this court. In cases too numerous to mention, this court has held that the purpose of an appearance bond is to secure the appearance of the defendant before the court whenever called. It is not necessary to cite the cases or to review the jurisprudence, which in substance is written into Article 111 of the Code of Criminal Procedure.
 

 The definition which we have quoted above is practically the same as that which counsel for the State have quoted in their brief, the definition which they quoted having been taken from Stearns on Suretyship, 3rd Edition, p. 391, and reading as follows:
 

 “Bail is the delivery or bailment of a person to his sureties and is brought about by the execution of a bond in the manner and form provided by Statute, conditioned to re-deliver the defendant to the custody of the law at a time and place appointed in the bond.”
 

 Counsel for the State, as we understand them, concede that the purpose of a bail or appearance bond in criminal cases is to secure the appearance of the defendant in court when called. They call attention, however, to the following phrase written into the appearance bond in this case: “and shall keep the peace in the meantime”. But that phrase written into an appearance bond is surplusage. The writing of such a phrase into an appearance bond is not authorized by any statute, nor has this or any other court, so far as we
 
 *317
 
 know, ever sanctioned the writing into an appearance bond of an additional condition that the defendant shall keep the peace. .Clearly such a condition has no place in an appearance bond. The fact that the surety on.an appearance bond may surrender, or deliver up, the defendant at any time he sees fit affords no reason for saying that the State may forfeit an appearance bond for the sole reason that the defendant has, since his release, been guilty of a breach of the peace.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 PONDER, J., takes no part.