546 So.2d 501 (1989)
STATE of Louisiana, Respondent,
v.
Robert GOLDEN, Applicant.
STATE of Louisiana, Respondent,
v.
Johnetta MARSHALL, Applicant.
Nos. 21, 114-KW, 21,207-KW.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1989.
Rehearing Denied June 30, 1989.
Writ Denied July 21, 1989.
Stephen A. Jefferson, for applicant in No. 21,214-KW.
James A. Norris, Jr., Dist. Atty., for respondent in No. 21,214-KW.
Burt & Lavigne by E. Daniel Burt, Jr., Shreveport, for applicant in No. 21,207-KW.
*502 Paul Carmouche, Dist. Atty., Liddell Smith, Asst. Dist. Atty., for state of La., in No. 21,207-KW.
Before HALL, MARVIN, and FRED W. JONES, JJ.
MARVIN, Judge.
To consider whether the constitution and statutes of Louisiana authorize a trial court to limit pre-conviction and post-conviction and sentence bail to "cash only," we have consolidated two applications seeking our supervisory review of the issue and have the benefit of the response of the State in each application: State v. Golden, No. 21,114-KW, from the 4th Judicial District Court, Ouachita Parish, and State v. Marshall, No. 21,207-KW, from the 1st Judicial District Court, Caddo Parish.
In Golden, the trial court set a post-DWI felony conviction/sentence bail at $100,000 cash only for the applicant. Pending his appeal, Golden was arrested and charged with another felony DWI and his pre-trial bail in that instance was also set at $100,000 cash only. This court affirmed Golden's conviction and sentence in an unpublished opinion on May 10, 1989. State v. Golden, 544 So.2d 780 (La.App. 2d Cir. 1989).
In Marshall, after a hearing on the applicant's motion to reduce bail, the trial court increased pre-trial bail to $25,000 cash only for the applicant who was charged with possession of cocaine with intent to distribute.

BAIL
Each of the ten Louisiana constitutions has effectively stated as the current constitution states in part:
Excessive bail shall not be required. Before and during trial a person shall be bailable by sufficient surety, except when ... charged with a capital offense and the proof is evident and the presumption of guilt great. After conviction... and sentencing ... a person shall be bailable if the sentence ... is five years or less; and the judge may grant bail if the sentence ... exceeds... five years. LSA-Const. Art. 1, § 18. Our emphasis.
Bail is the security given by a person to assure his appearance before the proper court. CCrP Art. 311. The Official Revision Comments to that article state that the term "security given covers every conceivable type of bail, whether it be ... a surety... or a deposit of money or securities."
The law relative to bail in Louisiana (CCrP Arts. 311-343) implements the constitutional provision and sets forth
the factors to be used by a court in determining the amount of bail (Art. 317),
who may question the "sufficiency of the security posted by a surety company (Art. 321),
who may be a surety (Arts. 323-329),
what the bail undertaking is (Art. 330), and
who may furnish what security for bail "in lieu of a surety" (Art. 333). Art. 336.1 provides in part that "[i]n addition to any other forms of bail ... the court may impose any condition of release that is reasonably related to assuring the appearance of the defendant before the court," the "condition of the bail undertaking" required by Art. 330.
A surety may be a surety company authorized to do business in Louisiana (Art. 323), or a personal surety (Art. 324). CCrP Art. 333 expressly provides that "[i]n lieu of a surety the defendant may furnish his personal undertaking, secured by a deposit with an officer authorized to accept the bail. The deposit shall consist of any of the following which are equal to the amount of the bail: cash, a certified or cashier's check ... Bonds of the United States ... [or] Louisiana, ... negotiable by delivery, or ... postal money orders ..." This statutory in-lieu-of-a-surety-alternative to the constitutional pre-trial bail "by sufficient surety" is granted, not to the court that sets the "amount" of the bail (Arts. 315-317) and the "conditions of release" (Art. 336.1), but to the defendant.
Some statutory discretion is granted to judges who are authorized to fix bail. A *503 court may "for good cause ... increase or reduce the amount of bail, or require new or additional security." Art. 321. A court may release a person on his own personal bail undertaking without requiring a "surety,... a personal surety, and without depositing special security under Article 333 [cash, certified checks, government bonds or money orders]." Art. 336 A. In addition to any other forms of bail, the court may impose any condition of release that is reasonably related to assuring the appearance of the defendant. Art 336.1. See also Art. 336.2.
We discern an obvious scheme and design in the statutes that implement the constitutional provision, "[b]efore and during trial, a person shall be bailable by sufficient surety ..." We also note the distinction made in the CCrP articles and comments between the word "security" for bail and the words that describe what shall be acceptable as security for the bail undertaking in lieu of a surety. These distinctions have been in the Louisiana law for more than 50 years. See the late Justice Tate's discussion in State v. Armstrong, 364 So.2d 558 (La.1978). It was there held that a trial court could not refuse to accept the bail bond of a surety company legally licensed under LRS Title 22 to be a surety for bail, where the "security" of that company was collaterally attacked by the State in the criminal proceeding. After Armstrong, Art. 321 was amended by Act 704 of 1979 to allow the collateral attack and discretion to the trial court.
We cannot construe the constitutional provision [before or during trial a person shall be bailable "by sufficient surety"] other than in the traditional and accepted meaning of surety. See CC Arts. 3035-3068. The one constitutional exception to the guarantee of pre-trial bail by sufficient surety is for a person who is "charged with a capital offense when the presumption is great." LSA-Const. Art. 1, § 18. There is no legislative provision authorizing a judge to deny pre-trial bail or a type of bail. The legislature requires a judge to fix "the amount of bail" by considering such factors as "the danger of defendant's release to others, insofar as it affects the probability of appearance." Art. 317. Our emphasis.
The Congress has given federal judges and magistrates discretion to determine the "security" for the bail undertaking in statutes which implement the Constitutional prohibition against "excessive bail" in the Eighth Amendment. Cash only bail may be required in federal prosecutions by a judge or magistrate in some circumstances. See and compare United States v. James, 674 F.2d 886 (11th Cir., 1982), and Ward v. U.S., 845 F.2d 1459 (7th Cir., 1988). We are construing here the guarantee of pretrial bail by a sufficient surety in the Louisiana Constitution and not the "excessive bail" prohibition which is in both constitutions.
We have not found, and the respondent prosecutors have not cited to us, any Louisiana authority indicating that Louisiana state judges and magistrates have the statutory prerogative to limit the security for pre-trial release on bail to a cash deposit. Whether the Louisiana Legislature constitutionally could enact such a statute in the case of pre-trial bail is a question we need not now reach.
One of the trial courts limiting pre-trial bail to cash only reasoned that it had inherent power to do so. We must respectfully disagree. The Louisiana Constitution does not prohibit a court from exercising its inherent power but it restricts that power in some instances. See CCrP Art. 17; Graham v. Jones, 200 La. 137, 7 So.2d 688 (1942). The inherent power of a court cannot be exercised to supersede the express constitutional mandate that before or during trial a person shall be bailable by sufficient surety. LSA-Const. Art. 1, § 18.
The discretion granted in Art. 336.1 [In addition to any other forms of bail provided by law, the court may impose any condition of release [on bail] ...] likewise cannot be construed to supersede the constitutional mandate. Even should we assume that the requirement of a cash only bail is a "condition of release" contemplated by CCrP Art. 336.1, we must find that the deposit of cash in lieu of a surety for the security for *504 release on bail is not "in addition to the forms of bail provided by law. Indeed, the deposit of cash is specifically made a form of security by CCrP Art. 333. See also Art. 311 comment.
We note, of course, the distinction between the constitutional treatment of preconviction bail and of post-conviction bail in LSA-Const. Art. 1, § 18. See also CCrP Arts. 312-314. We do not reach the question of whether the Legislature could grant discretion to a court to limit post-conviction bail to cash only. We hold only that under the existing statutes, the Legislature has not done so.
We are not insensitive to the laments below that such things as DWI and cocaine seriously threaten security and order in our society. The foundation of that order, however, rests first upon the constitution which creates and empowers the judiciary to exercise its constitutional authority. Under the constitutional scheme, we may not supersede or interfere with the legislative declaration of policy or "law," which is the second foundation of the order in our society. As judicial officers, our oath is to uphold the constitution and the laws of the state.

DECREE
In each of the consolidated applications we deny the application in part as to the complaint that the amount of the bail is excessive. We grant the application in each instance insofar as the bail is limited to being cash only. In that respect the grant is made peremptory.
DENIED in part. GRANTED in part and made peremptory and remanded.
FRED W. JONES, J. dissents from the grant of writs and will file written reasons.
FRED W. JONES, Judge, dissenting:
In State ex rel. Mahler and Stechline v. Judge of the 21st Judicial District Court, 48 La.Ann. 92, 94, 18 So. 902 (La.1896), the court stated:
"The laws of Louisiana contain a provision which seems to be a summary of the common law upon the subject. All persons shall be bailable by sufficient sureties, unless for capital offense, where the proof is evident, and the presumption great."
Later, in State v. Springer, 206 La. 312, 19 So.2d 147 (1944), the court defined bail, stating:
"In the case of State v. Porte's Securities, 10 La.Ann. 148, which was decided in 1855, this court quoted the following as a definition of a bail bond:
`Bail, in criminal cases, is defined to be a delivery or bailment of a person to his securities, upon their giving, together with himself, sufficient security for his appearance, he being supposed to be in their friendly custody, instead of going to prison.'
This definition is practically the same as that set out in Act No. 104 of 1837. This is the definition which has always been recognized by this court. In cases too numerous to mention, this court has held that the purpose of an appearance bond is to secure the appearance of the defendant before the court whenever called. It is not necessary to cite the cases or to review the jurisprudence, which in substance is written into Article 111 of the Code of Criminal Procedure.
The definition which we have quoted above is practically the same as that which counsel for the State have quoted in their brief, the definition which they quoted having been taken from Stearns on Suretyship, 3rd Edition, p. 391, and reading as follows:
`Bail is the delivery or bailment of a person to his sureties and is brought about by the execution of a bond in the manner and form provided by Statute, conditioned to re-deliver the defendant to the custody of the law at a time and place appointed in the bond.'"
The original concept of bail was to remand the defendant to the custody of socalled "friendly jailers." Thus, the earliest provisions require only sufficient sureties. This called for an application of the suretyship laws to protect the surety who guaranteed the defendant's appearance. Later, as *505 our society evolved, other forms of security were authorized by statute to assure that the defendant would appear. These are the so-called appearance bonds. There were several kinds authorized by statute as shown in Dart's Code of Criminal Procedure. The Code also authorized the substitution of one form of security for another. See Art. 102:
Any person, firm or corporation availing himself or itself of the provisions of this chapter may, at anytime before forfeiture of the same, redeem any cash or securities so deposited by substituting the bond originally required or permitted.
In State ex rel. Martin v. City of Monroe, 15 La.App. 262, 131 So. 487 (La.1930), the court discussed the cash bond provisions, stating:
"Article 97 of the Code of Criminal Procedure for Louisiana provides for the giving of cash bonds; and Article 98 sets forth the duties of the officer receiving such cash bond. Article 99 deals with the duty of the court when such bond is discharged."
In the federal system, a similar evolution, purpose and policy are revealed. See Hudson v. Parker, 156 U.S. 277, 15 S.Ct. 450, 39 L.Ed. 424 (1895).
In Bandy v. U.S., 81 S.Ct. 197, 5 L.Ed.2d 218 (1960), the court stated:
"The fundamental tradition in this country is that one charged with a crime is not, in ordinary circumstances, imprisoned until after a judgment of guilt. Under Rule 46 a defendant has a right to be released on bail before trial, save in capital cases. Pending review of a judgment of conviction, release on bail may be allowed `unless it appears that the appeal is frivolous or taken for delay.' Rule 46(a)(2). See 350 U.S. 1021.
This traditional right to freedom during trial and pending judicial review has to be squared with the possibility that the defendant may flee or hide himself. Bail is the device which we have borrowed to reconcile these conflicting interests. `The purpose of bail is to insure the defendant's appearance and submission to the judgment of the court.' Reynolds v. United States, 80 S.Ct. 30, 32, 4 L.Ed.2d 46. It is assumed that the threat of forfeiture of one's goods will be an effective deterrent to the temptation to break the conditions of one's release."
La.C.Cr.P. Art. 321 allows the trial court to require new or additional security. This implicitly allows it to require a different form of security. The form of security is not limited by La.Const. 1974, Art. 1, § 18. The form of security is defined in the Code articles. Thus, since the form of security is not constitutionally mandated, only that a sufficient surety support the defendant's bail, the trial court is not limited in setting the defendant's bail only to an amount, but also may set or specify a form of security.
Further, La.C.Cr.P. Art. 336.1 provides that in addition to other forms of bail the court may impose a condition of release that is reasonably related to assuring the presence of the defendant. As the court is allowed to choose conditions to be imposed upon the defendant the court may also choose the condition that the bail be in a specific form as long as it is reasonably related to the defendant's appearance.
To summarize, the phrase "sufficient surety" in La.Const. Art. 1, § 18 originated with the common law requirement that a defendant be in the hands of responsible bailors pending his court appearance. This should not now be construed to deny the trial judge's right, in individual felony cases, to decide that the most appropriate way to assure the appearance of a defendant in court is to require the posting of a cash bond.
For these reasons, I respectfully dissent from the granting of the writs.

ON APPLICATION FOR REHEARING
Before HALL, MARVIN, and FRED W. JONES, JJ.
Rehearing Denied.
The issues raised by the applicant were correctly resolved in the opinion complained of.