CANNELLA, Judge.
The Association of Louisiana Bail Underwriters (Association) appeals from a judgment in a mandamus proceeding against Lloyd B. Johnson (Sheriff), the sheriff of St. John the Baptist Parish. We affirm.
The Association filed for a writ of mandamus under La.C.C.P. arts. 3861 et seq. to compel the Sheriff to cease a bail practice which it contends is illegal. The practice allows both misdemeanor and felony offense defendants to obtain pre-trial and post-conviction releases from custody by posting ten per cent of the set bail, in cash, *1346 with the Sheriffs office. The Association alleges that the Sheriff is not performing his duty properly because this procedure is not specifically provided in the bail statutes.
During trial, which was held on April 9, 1992, the Sheriff and his assistant testified that the practice was instituted by a Judicial Order of the district court judges dated October 3, 1980. The order was initially issued to the 29th Judicial District, which was composed of both St. John the Baptist and St. Charles parishes. However, when the 40th Judicial District was created, composed of St. John the Baptist parish alone, it continued the practice and utilizes the schedule that is set forth in the 1980 order.
The Judicial Order was received into evidence and contained a bond/bail schedule of the amount of bail in certain misdemean- or cases. No bond/bail schedule for felonies was listed. The following paragraph is included:
“On all bonds, in addition to any remedy previously stated, the defendant is authorized to post ten (10%) percent of the bond set in cash with the Sheriffs Office with a minimum of $100.00 in any case, except D.W.I. — where the minimum shall be $300.00.
The evidence showed that the Sheriff is not under order to obtain judicial permission before permitting felony offenders to use this bail method, but he testified that he normally consults with the judge prior to approving the transaction.
Following the hearing, the trial judge took the matter under advisement and rendered a judgment on April 21, 1992. The trial court did not change the misdemeanor bail procedure. The judgment held, in misdemeanor cases, that the Judicial Order of October 3, 1980 is applicable and that the Sheriff may accept a ten per cent cash bond in lien of surety bond. The trial court changed the felony bail procedure. The judgment held, in felony cases, that the Sheriff cease from accepting, in lieu of surety, a defendant’s personal undertaking secured with a deposit less than the amount of bail set by the District Court, unless approved by the Criminal Magistrate or a District Judge. In other words, the trial court eliminated the automatic (authorized by Judicial Order of October 3, 1980) personal undertaking and ten per cent cash bond in felony cases.
On appeal, the Association contends that the trial judge erred because an accused may use only the bail methods specifically set forth in the Code of Criminal Procedure to secure release from custody. Since the procedure set forth in the judgment is not one of the statutory methods, the Association concludes that it is illegal.
In response, the Sheriff excepts, for the first time, to the use of the mandamus procedure, on the basis that the party responsible for the order is the district court and that he is simply following a judicial order. Alternatively, he argues that the practice is legal under the bail articles.
A writ of mandamus is a writ directing a public officer or a corporation or corporate officer to perform any of the duties set forth in C.C.P. arts. 3863 and 3864. La.C.C.P. art. 3861. Art. 3862 provides that the mandamus may issue where the law provides no relief by ordinary means or where the delay involved in pursuing ordinary means may cause injustice.
In regard to public officers, Art. 3863 states in pertinent part, that “A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, ...” It is not a proper procedure when the duty contains elements of discretion. 2)th Judicial District Indigent Defender Board v. Mo-laison, 522 So.2d 177 (La.App. 5th Cir. 1988).
In this case, the courts have delegated a duty to the Sheriff (See: C.Cr.P. arts. 315 et seq.) to accept bail as provided in an order. He is allowed no discretion. As such, the duty is ministerial. Therefore, we find that the writ of mandamus was properly brought by the Association to contest the manner in which the Sheriff performs the duty.
Bail is the security given for the custodial release of the arrested person to insure the person’s appearance in court whenever required. La.C.Cr.P. art. 311. The right to bail applies to pre-trial and post-conviction custody. C.Cr.P. arts. 312 and 314. (Special considerations limiting *1347 the right are provided for capital offenses. See: C.Cr.P. 313).
Bail is fixed by the authority of the various courts. See: C.Cr.P. art. 315. In felony cases, the bail must be set individually, whereas bail for misdemeanor cases may be set forth in a schedule. See: C.Cr.P. art. 316 and 319.
The amount of bail is determined according to the various factors delineated in C.Cr.P. art. 317. The court, for good cause shown, may increase or decrease the bail, may require new or additional security and may order the clerk of court to refuse appearance bonds written by a company after determining the security offered by the company is not sufficient. C.Cr.P. art. 321.
The Code of Criminal Procedure sets forth the type of security accepted for a defendant’s release. Bail by a surety company and personal sureties are regulated by C.Cr.P. arts. 323 through 329. Other types of bail are regulated by C.Cr.P. arts 333 through 336.2. One method is by payment of the bail amount by money, check, bonds or money order (C.Cr.P. art. 333), and the other is release on the person’s own recognizance, with or without the condition of residency in a rehabilitation center. (C.Cr.P. art. 336) In addition, C.Cr.P. art. 336.1 entitled “other conditions related to appearance of defendant” provides that:
“In addition to any other forms of bail provided by law, the court may impose any condition of release that is reasonably related to assuring the appearance of the defendant before the court. Violation of such condition by the defendant shall be considered as a constructive contempt of court.”
We will now consider the merits of the case. In misdemeanor cases, we find no error in the approval by the trial court of a bond/bail schedule and acceptance of a ten per cent cash bond in lieu of surety. Additionally, in felony cases, we find no error in the judgment of the trial court which orders the Sheriff to cease an existing practice under color of a court order, and which requires approval by the Criminal Magistrate or a District Judge of the amount of bail and type of bond. We find that these procedures do not create new illegal “types” of bail. They are outcomes of the exercise of judicial authority to fix bail so as to assure the appearance of defendant before the court. The procedures are in keeping with the legislative purpose to secure the defendant’s appearance while released from custody, but allowing the court some discretion in these matters. Further, they do not restrict a defendant’s right to bail, as provided for in Louisiana Constitution Art. I § 18, but expands it to the benefit of defendant. The provisions are unlike the one in State v. Golden, 546 So.2d 501 (La.App.2nd Cir.1989), cited by the surety herein, where the district court pronounced that all preconviction bail was limited to “cash only”. The appellate court in Golden found that “cash only” rule was a violation of a defendant’s right to secure bail through a surety under Louisiana Constitution Article I § 18. Thus, we find that the misdemeanor and felony bail procedures set out in the judgment of the trial court is legal and we affirm the decision of the trial court.
Accordingly, the judgment of the trial judge is hereby affirmed.
Costs of this appeal are to be paid by the Association.
AFFIRMED.