(No. 39922.—

THE PEOPLE *ex rel.* Marvin Gendron *et al.,* Petitioners, *vs.* HENRY J. INGRAM, Judge, *et al.,* Respondents.

*Opinion filed June 16, 1966.*

JULIUS LUCIUS ECHELES and MITCHELL H. CAPLAN, both of Chicago, and ROBERT H. JONES, of Peoria, for petitioners.

WILLIAM G. CLARK, Attorney General, of Springfield, and GEORGE R. KENNEDY, State's Attorney, of Peoria,

FRED G. LEACH, Assistant Attorney General, of counsel,) for respondents.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The primary issue in this original *habeas corpus* action is whether the effect of section 110—8 of the Code of Criminal Procedure, (Ill. Rev. Stat. 1965, chap. 38, par. 110—8,) which requires a person making bail for another to deposit cash or stock and bonds equal in value to the amount of the bail or unencumbered real estate in value to twice the amount of the bail, violates section 7 of article II of the constitution. That section provides: "All persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident or the presumption great; * * *."

Sections 110—7 and 110—8 of the Code of Criminal Procedure are, by a 1965 amendment to section 110—15, stated to be exclusive of other provisions of law for the giving, taking and enforcement of bail. No issue is raised as to the Rule of this court relating to procedures in traffic cases, quasi-criminal cases, and certain misdemeanors. Ill. Rev. Stat. 1965, chap. 110, pp. 1571-1573.

Section 110—7 provides in part: " The person for whom bail has been set shall execute the bail bond and deposit with the clerk of the court before which the proceeding is pending a sum of money equal to 10% of the bail, * * *. Upon depositing this sum the person shall be released from custody subject to the conditions of the bail bond." This provision is commonly referred to as the ten per cent bail-deposit provision. The section further provides: "When the conditions of the bail bond have been performed and the accused has been discharged from all obligations in the cause the clerk of the court shall return to the accused 90% of the sum which had been deposited and shall retain as bail bond costs 10% of the amount deposited."

Section 110—8 provides that a bail bond with or without

sureties may be used in lieu of the ten per cent cash deposit provided for in section 110—7. However, the bail bond must be secured by a deposit of cash or stocks and bonds equal in value to the amount of the bail or unencumbered real estate equal in value to twice the amount of bail.

The petitioner, Marvin Gendron, was indicted in the circuit court of Peoria County in January 1966 for the crime of burglary and his bail was fixed at $5,000. Gendron does not have $500 (10% of the amount of bail) to deposit as security as required by section 110—7 nor does he have any stocks and bonds or real estate to deposit as security under section 110—8. A bail bond in the amount of $5,000 with the Summit Fidelity and Surety Company as surety, was tendered to the court. No cash, stocks and bonds or real estate were deposited with the clerk of court as security for the bond as required by section 110—8 and the bond was refused for that reason. An original petition for a writ of *habeas corpus* was then filed in this court.

The surety company is licensed under the Bail Bond Act. (Ill. Rev. Stat. 1965, chap. 16, pars. 51-65.) It has on deposit with the Director of Insurance securities in the amount of $15,000 and has capital stock and surplus in excess of $1,000,000. It is argued that the surety company is a sufficient surety within the meaning of section 7 of article II of our constitution, and that it need not deposit security for the full amount of the bail.

We do not decide questions concerning the constitutionality of a statute in a vacuum. Rather, we must look at the practical effect of the statute and the constitution. In considering the constitutionality of the statutes regarding bail, it is important that we consider the principle underlying the granting of bail; that is, that a person accused of a crime is presumed to be innocent until he is proved guilty at trial. Therefore, the purpose of the constitutional provision is to give the accused liberty until he is proved guilty, but yet have some assurance that he will appear for trial.

Requiring a bond with sufficient sureties is premised on the assumption that economic loss to the accused, his family or friends, will assure his appearance for trial. In actual practice, however, it is not the accused or his family who usually suffer the loss for non-appearance, but the professional bondsmen and insurance companies. If the accused employs a professional bondsman or insurance company to make his bond, he is required to pay the bond premium *regardless of his appearance or non-appearance* at trial. Hence, the economic loss deterrent loses force when an accused is admitted to bail with professional sureties, and the purpose of admitting persons to bail is frustrated.

Experience has shown that the method of allowing a person to make bond with a professional surety does not accomplish the purpose of bail. (See Bowman, The Illinois Ten Per Cent Bail Deposit Provision, 1965 Ill. L. Forum 35.) The legislature in section 110—8 has determined more is needed than the mere ability to pay bail bond forfeitures on a business basis. (See Committee Comments, Smith-Hurd Ill. Anno. Stat. pp. 145-149.) We are of the opinion that the alternative methods of bail provided in sections 110—7 and 110—8 do not violate the constitutional provision that all persons shall be bailable by "sufficient sureties". Sufficient, as used in the constitution, means sufficient to accomplish the purpose of bail, not just the ability to pay in the event of a "skip". The State is not primarily interested in collecting bond forfeitures, but is more concerned with granting liberty to an accused pending trial while obtaining the greatest possible assurance that he will appear.

The argument that section 110—15 is discriminatory against those persons charged with a crime who cannot provide the 10% cash deposit but who can furnish a surety company for bail has heretofore been answered. Section 110—15 is not discriminatory for the reason asserted.

Nor is section 110—15 unconstitutionally discriminatory against defendants in criminal cases in favor of civil liti-

gants who must give bond. The purpose of bonds in criminal cases is to insure the presence of an accused when required, while the purpose of civil bonds is to guarantee payment of an amount assessed by the court or to guarantee the delivery of specific property. That there is no discrimination is evidenced by the very section of the constitution alleged to have been violated. It pertains only to bail in criminal cases and does not purport to regulate bond in civil cases.

The petition for a writ of *habeas corpus* is denied.

*Writ denied.*