## No. 27863

**People of the State of Colorado v. The District Court of the Eighteenth Judicial District in and for The County of Arapahoe, State of Colorado and the Honorable William B. Naugle, one of the Judges thereof**

(581 P.2d 301)

Decided July 17, 1978.

Robert R. Gallagher, Jr., District Attorney, James C. Sell, Chief Deputy, Ethan D. Feldman, Deputy, Robert A. Dill, Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, Forrest W. Lewis, Deputy, Benjamin B. Cassidy, III, Deputy, amicus curiae.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is an original proceeding in the nature of prohibition. We issued a rule to show cause and now make the rule absolute.

The respondent district court set the terms, conditions, and amount of bail for the defendant, James Cacho Todd. On October 7, 1977, the respondent court authorized the pretrial release of the defendant upon the deposit of cash equal to 10% of the bail amount.[1] The district attorney for the eighteenth judicial district subsequently initiated this proceeding and contends that the respondent court exceeded its jurisdiction in authorizing the 10% cash deposit.[2] We agree.

█ We have previously held that the legislature may designate the kind and character of the security that is to be provided for release on bail provided that the provisions are not unreasonable. *People v. Sanders,* 185 Colo. 153, 522 P.2d 735 (1974). Colorado's General Assembly has specifically enumerated the bail alternatives available to criminal defendants:

"16-4-104. Bail bond — alternatives. (1) When the amount of bail is fixed by the judge of a court of record, he shall also determine which of the following kinds of bond shall be required for the pretrial release of the defendant:

(a) The defendant may be released from custody upon execution by him of a personal recognizance. The court may require additional obligors on the bond as a condition of granting the same.

(b) The defendant may be released from custody upon execution of bond in the *full amount of the bail to be secured* in any one or more, or any combination of, the following ways:

---

[1] The 10% bail procedure has been advocated by the *American Bar Association Standards Relating to Pretrial Release* §5.3(c), (1968):
"5.3 Release on money bail.
(c) Upon finding that money bail should be set, the judicial officer should require one of the following:
(i) the execution of an unsecured bond in an amount specified by the judicial officer, either signed by other persons or not;
(ii) the execution of an unsecured bond in an amount specified by the judicial officer, accompanied by the deposit of cash or securities equal to 10 percent of the face amount of the bond. The deposit, less a reasonable administrative fee, should be returned at the conclusion of the proceedings, provided the defendant has not defaulted in the performance of the conditions of the bond; or
(iii) the execution of a bond secured by the deposit of the full amount in cash or other property or by the obligation of qualified, uncompensated sureties."
The source of the standard is discussed in the following comment to §5.3(c):
"Subsection (ii) is modeled on the Illinois 10 percent plan first adopted in 1963. Ill. Rev. Stat. c.38, §110-7 (1963). The premise is that instead of paying a bond premium which is never recovered, the defendant should be allowed to deposit roughly its equivalent (10% of the amount of bail) with the court at the time he executes a personal bail bond. Upon compliance with the conditions of the bond, 90% of the deposit is returned. The system works well and, contrary to some predictions, the rate of forfeiture under the statute is smaller than where surety bonds were required. *Bowman, The Illinois Ten Percent Bail Deposit Provision,* 1965 *U. Ill. L.F.* 35, 39."
[2] *Compare, Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535 (1977). A district attorney, as contrasted to a bail bondsman, has standing to question the bail bonding program in issue here.

(I) By a deposit, with the clerk of the court, of an amount equal to the required bail, of cash, or stocks and bonds of a kind in which trustees are authorized to invest trust funds under the laws of this state; or

(II) By real estate situated in this state with unencumbered equity not exempt from execution owned by the accused or any other person acting as surety on the bond; or

(III) By sureties worth at least one and one-half the amount of bail set in the bond, or by corporate surety company authorized to do business in this state." (Emphasis added.)

 The statute does not expressly or impliedly authorize courts to permit 10% cash bail deposits. Moreover, the statutory requirement that the "full amount of bail" be secured negates the contention that courts may permit the deposit of a percentage of the full amount of the bail. The court, therefore, exceeded its jurisdiction by permitting the defendant to post a 10% cash bond.

Accordingly, the rule to show cause is made absolute.

MR. JUSTICE GROVES does not participate.