The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

KYU HO YI, Defendant-Appellant.

No. 86CA1679.

Colorado Court of Appeals, Div. II.

July 23, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jaydee K. Bachman, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Kyu Ho Yi, has filed a motion for bail pending appeal. We remand the matter to the trial court with directions to conduct a hearing to determine defendant's motion.

Defendant was convicted of second degree kidnapping and of committing a crime of violence, and was originally sentenced to a term of incarceration of 16 years and 1 day. Pursuant to a Crim.P. 35(b) motion, defendant was subsequently resentenced to a reduced term of 4 years. Upon the filing of his notice of appeal, defendant filed a motion for bail pending appeal in the trial court. Without holding a hearing, the trial court summarily denied defendant's motion by a minute order which is devoid of any findings. Defendant has now filed a motion for bail pending appeal in this court, seeking review of the trial court's minute order denying him an appeal bond.

Appellate review of a trial court's order ruling on a motion for an appeal bond is governed by § 16-4-204, C.R.S. (1986 Repl. Vol. 8A), Crim.P. 46 and C.A.R. 8.1(c). Under § 16-4-204(2), C.R.S. (1986 Repl. Vol. 8A), the party seeking such appellate review "shall have appended" to his petition for such review "a transcript of the hearing held" in the trial court on the motion for an appeal bond. In addition, § 16-4-202, C.R.S. (1986 Repl. Vol. 8A) sets forth the factors to be considered by the trial court in the "appeal bond hearing."

Although these provisions do not expressly require that a hearing be held on a motion for an appeal bond, such a requirement is strongly implied. Moreover, since § 16-4-204(3), C.R.S. (1986 Repl. Vol. 8A) authorizes an appellate court, among other things, to order the trial court to modify the terms and conditions of bail or appeal bond, the practical necessity of a record upon which to base that determination is manifest. Further, this result is required by C.A.R. 8.1(c).

Therefore, we hold that a trial court must conduct a hearing and make findings on a defendant's motion for appeal bond. This hearing, in the trial court's discretion, may be held contemporaneously with the sentencing hearing or separately.

Since no hearing was held on the appeal bond request here, the matter must be remanded for such to be accomplished. *See* § 16-4-204(3)(a), C.R.S. (1986 Repl. Vol. 8A).

The cause is remanded to the trial court with directions to hold a hearing on defendant's motion for bail pending appeal on or before 30 days from the date of this order. At the conclusion of the hearing, the trial court shall enter findings and its ruling and

shall then recertify this case to this court forthwith by forwarding a certified copy of its order.

SMITH and STERNBERG, JJ., concur.