The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Anthony ROCA, Defendant–Appellant.

No. 00CA1449.

Colorado Court of Appeals, Div. A.

Dec. 21, 2000.

Ken Salazar, Attorney General, Peter J. Cannici, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Anthony Roca, Pro Se.

Opinion by Judge ROTHENBERG.

Following the trial court's order denying his Crim. P. 35(c) motion, defendant, Anthony Roca, brought this appeal and also sought release on an appeal bond. His request for bond was denied by the trial court without a hearing, and defendant then sought an appeal bond from this court. The primary issue in this appeal is whether defendant was entitled to a hearing on his motion for an appeal bond pending review of denial of his Crim. P. 35(c) motion. We conclude he was not entitled to such a hearing, and also deny his motion for an appeal bond.

■ There is no constitutional right to bail after conviction in Colorado. *See* Colo. Const. art. II, § 19(2.5)(a). The power to grant such bail is provided by statute and is within the sound discretion of the trial court. *See* § 16–4–201.5, C.R.S.2000; *People v. Junes,* 77 Colo. 38, 233 P. 1109 (1925).

Section 16–4–201.5 permits the court to grant bail "after a person is convicted, pending sentencing or appeal," with certain exceptions not applicable here. *See also* Crim. P. 46 ("In considering the question of bail, the Court shall be governed by the statutes and the Constitution of the State of Colorado and the United States Constitution."); C.A.R. 8.1(c)(defendant must show that application for bail pending review was first made to the trial court if practicable and was denied, "with the reasons given for the denial").

Section 16–4–202, C.R.S.2000, lists the factors to be considered by the trial court in deciding whether an appeal bond should be granted. One important factor is the likelihood of success on appeal. Section § 16–4–202(1)(i), C.R.S.2000.

Although neither § 16–4–201.5 nor § 16–4–202 expressly require a hearing on a motion for an appeal bond, a panel of this court in *People v. Kyu Ho Yi,* 741 P.2d 1264 (Colo. App.1987), held that a hearing is required when a defendant seeks an appeal bond pending *a direct appeal* of a criminal conviction. The panel reasoned that meaningful appellate review cannot occur without a record, and pointed to § 16–4–204(2), C.R.S. 2000, which states that the petition for such appellate review "shall have appended thereto a transcript of the hearing held" in the trial court on the motion for an appeal bond. *People v. Kyu Ho Yi, supra,* 741 P.2d at 1265.

■ However, no published opinion in Colorado has considered whether a defendant is entitled to a hearing on a motion for an appeal bond pending *review of denial of a Crim. P. 35(c) motion.* We now hold that a defendant is not entitled to such a hearing.

Unlike the circumstances presented in *People v. Kyu Ho Yi, supra,* when, as here, defendant seeks an appeal bond pending appeal of a postconviction order, defendant has already had the opportunity and benefit of meaningful appellate review of his conviction. Also, once defendant's conviction has been affirmed, his likelihood of success on postconviction appeal is substantially diminished.

■ In the motion filed in the trial court, defendant here alleged as his grounds for release on bond that he "elects not to continue the service of mandatory parole." His allegation in this court is the same. On this record, we are fully able to conduct a meaningful review of the trial court's ruling and

we conclude that defendant's allegation, on its face, was legally insufficient to justify bail pursuant to § 16–4–202. *See also* Crim. P. 35(c)(3)(if the Crim. P. 35 motion, files and record show defendant is not entitled to post-conviction relief, the court may summarily deny the motion).

We therefore conclude the trial court did not err in failing to hold a hearing on defendant's motion for release pending his post-conviction appeal, or in denying defendant's motion for release on bail. We perceive no other basis for granting defendant an appeal bond.

Motion denied.

Judge PLANK and Judge DAVIDSON concur.