**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**William HOOVER, Defendant–Appellant.**

No. 04CA1794.

Colorado Court of Appeals, Div. A.

March 24, 2005.

Certiorari Denied Sept. 6, 2005.

John W. Suthers, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Hoffman Reilly Pozner & Williamson LLP, Marcus J. Lock, Sean Connelly, Denver, Colorado, for Defendant–Appellant.

RUSSEL, J.

Defendant, William Hoover, has filed a Renewed Petition to Modify "Cash Only" Appeal Bond. After considering Hoover's original and renewed petitions, and the People's responses, we decline to modify the appeal bond.

## I. Background

Hoover was found guilty of twenty-two counts of securities fraud, twenty-one counts of theft, and one violation of the Colorado Organized Crime Control Act. The trial court sentenced him to 100 years in prison.

Hoover appealed his convictions and sentence. The parties are preparing their briefs, and the case is not yet at issue.

Shortly after filing his notice of appeal, Hoover asked the trial court to grant him an appeal bond. The court granted the bond, set it at $1 million, and specified that it be "cash only." Hoover asked the trial court to modify the terms of the bond—from "cash only" to one that would allow posting of $1 million secured by sureties. The trial court denied this motion.

Hoover then filed a petition in this court, seeking modification of the "cash only" condition. A division of this court denied relief, ruling that Hoover could raise the issue in his opening brief. Hoover filed a petition for review in the supreme court under C.A.R. 21, but this petition was denied.

Hoover then filed the renewed petition at issue. He argues that the prior division's order effectively deprived him of a remedy because his appeal bond issue will not be resolved until the court rules on the merits of his appeal. Under the circumstances, we agree that Hoover is entitled to a ruling on his request for modification of the appeal bond.

## II. "Cash Only" Appeal Bonds

■ Hoover contends that the trial court lacked authority to order a "cash only" appeal bond. We disagree.

## A. Governing Law

In Colorado, a criminal defendant has a constitutional right to pretrial bail, subject to certain exceptions. *See* Colo. Const. art. II, § 19(1) ("All persons shall be bailable by sufficient sureties pending disposition of charges except . . . ."). But this guarantee evaporates when the defendant is found guilty. The constitution does not establish a right to bail after trial; it merely allows the legislature to authorize post-trial bail, and only for certain defendants:

> (2.5)(a) The court may grant bail after a person is convicted, pending sentencing or appeal, only as provided by statute as enacted by the general assembly; except that no bail is allowed for persons convicted of:
>
> (I) Murder;
>
> (II) Any felony sexual assault involving the use of a deadly weapon;
>
> (III) Any felony sexual assault committed against a child who is under fifteen years of age;
>
> (IV) A crime of violence, as defined by statute enacted by the general assembly; or
>
> (V) Any felony during the commission of which the person used a firearm.
>
> (b) The court shall not set bail that is otherwise allowed pursuant to this subsection (2.5) unless the court finds that:
>
> (I) The person is unlikely to flee and does not pose a danger to the safety of any person or the community; and
>
> (II) The appeal is not frivolous or is not pursued for the purpose of delay.

Colo. Const. art. II, § 19(2.5).

The general assembly has chosen to authorize appeal bonds. The governing statutes allow the trial court, after properly considering certain factors, to grant or deny bond. *See* §§ 16–4–201 to 16–4–204, C.R.S. 2004. The court's decision to grant or deny is discretionary. *People v. Roca,* 17 P.3d 835, 836 (Colo.App.2000).

If the trial court decides to grant an appeal bond, it must set the amount and select the type of bond:

> If the court determines that an appeal bond should be granted, the court shall set the amount of bail and order *either:*
>
> (a) An appeal bond in the amount of the bail to be *executed and secured by depositing cash or property as provided by statute or by an approved surety or sureties;* or
>
> (b) An appeal bond in the amount of the bail to be *executed on the personal recognizance of the defendant.*

Section 16–4–203(2), C.R.S.2004 (emphasis added).

In addition, the court may "[i]mpose any other condition deemed necessary to assure defendant's appearance as required." Section 16–4–203(3)(c), C.R.S.2004.

## B. Discussion

Hoover acknowledges that, under § 16–4–203(2), the trial court may choose to impose either a "secured" or "personal recognizance" bond. But he argues that the court's power to delineate the type of bond ends there. If the court chooses to impose a secured bond, Hoover argues, it may not specify the type of security; this choice belongs to the defendant.

We reject this argument under the plain language of § 16–4–203(2). Contrary to Hoover's view, the word "either" does not limit the court's ability to specify the type of security. If the court chooses to order a secured bond under § 16–4–203(2)(a), it may require that the bond be secured "by depositing cash *or* property as provided by statute *or* by an approved surety or sureties." *See Armintrout v. People,* 864 P.2d 576, 581 (Colo.1993) (when "or" is used in a statute, it is presumed to be used in the disjunctive). The ability to select the type of security lies within the court's power to "[i]mpose any other condition deemed necessary to assure defendant's appearance" under § 16–4–203(3)(c).

Hoover cites cases from other states in support of the view that trial courts lack authority to order "cash only" bonds. *See State v. Brooks,* 604 N.W.2d 345 (Minn.2000); *State ex rel. Jones v. Hendon,* 66 Ohio St.3d 115, 609 N.E.2d 541 (1993); *City of Yakima*

*v. Mollett,* 115 Wash.App. 604, 63 P.3d 177 (2003). Whether these authorities are correct is subject to debate. *See Ex Parte Singleton,* —— So.2d ——, 2004 WL 2676659 (Ala.Crim.App. No. CR–03–1981, Nov. 24, 2004); *State v. Briggs,* 666 N.W.2d 573 (Iowa 2003).

Even if correct, however, Hoover's authorities are not instructive here. Hoover's cases are grounded on constitutional provisions—similar to Colo. Const. art. II, § 19(1)—that guarantee the right to pretrial bail. This case lies outside that analytical framework because it concerns an appeal bond. In this context, there is no need to reconcile statutory language with a constitutional guarantee. Rather, the pertinent issues may be resolved solely by reference to the plain language of § 16–4–203.

Hoover also cites *People v. District Court,* 196 Colo. 116, 581 P.2d 300 (1978), for the proposition that the legislature has limited a court's authority to require a "cash only" appeal bond. We are not persuaded. In *People v. District Court,* the trial court set the amount of a pretrial bond and then permitted the defendant to post ten percent in cash in lieu of security. The supreme court disallowed this practice because it was not authorized by the statute. Here, in contrast, § 16–4–203 authorizes imposition of a bond "secured by depositing cash."

### III. Other Arguments

■ Hoover contends that the $1 million bond violates the "excessive bail" clauses of the federal and state constitutions. *See U.S. Const. amend. VIII; Colo. Const. art. II, § 20.* We disagree.

■ The excessive bail clauses safeguard the right to pretrial bail that, in turn, protects the right to prepare a defense and the presumption of innocence. *See L.O.W. v. District Court,* 623 P.2d 1253, 1256 (Colo. 1981) (citing *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951)). Because Hoover has been convicted and has no right to an appeal bond, the excessive bail clauses do not apply. *See State v. Kellogg,* 534 N.W.2d 431, 434 (Iowa 1995) (claim of excessive bail rejected on the ground that defendant has no

right to an appeal bond). Bail cannot be deemed excessive where, as here, it could properly be denied altogether.

■ Hoover also contends that the trial court abused its discretion in specifying a $1 million "cash only" bond. He asserts that the relevant factors favor his release and argues that a secured bond, coupled with "other stringent conditions," would ensure his continued appearance. We reject these arguments. The record shows that the trial court carefully considered all of the relevant statutory factors and made detailed findings in support of its order. The court's order is reasonable under the circumstances and does not constitute an abuse of discretion.

The renewed petition to modify the bond is denied.

Chief Judge DAVIDSON and Judge GRAHAM concur.