Dennis **FULLERTON, Plaintiff–Appellee,**

v.

The **COUNTY COURT, in and for the County of Boulder, 20th Judicial District, and the Honorable Thomas Reed, one of the judges thereof, Defendants–Appellants.**

No. 03CA2317.

Colorado Court of Appeals,
Div. A.

May 5, 2005.

Certiorari Denied Dec. 19, 2005.

David S. Kaplan, Colorado State Public Defender, Yasmin Forouzandeh, Deputy State Public Defender, Denver, Colorado, for Plaintiff–Appellee.

John W. Suthers, Attorney General, Dianne E. Eret, Assistant Attorney General, Denver, Colorado for Defendants–Appellants.

DAVIDSON, Chief Judge.

In this C.R.C.P. 106(a)(4) review, the Boulder County Court and the Honorable Thomas Reed (collectively the county court), appeal from the district court's entry of judgment in favor of Dennis Fullerton (defendant). We reverse.

Defendant was arrested on a fugitive from justice complaint, which alleged that he was wanted in Nebraska for failure to appear. The county court set bail in the form of a "cash only" bond. Defendant subsequently posted the cash bond and was released.

Defendant then filed a complaint in the district court pursuant to C.R.C.P. 106(a)(4), arguing the county court exceeded its jurisdiction by setting bail in the form of a "cash only" bond. The charges against defendant were later dismissed and the bond refunded.

Noting that at least two Boulder County district courts had ruled that pretrial "cash only" bonds were impermissible, the district court determined that the county court was not authorized to set a "cash only" bond for defendant. The county court appeals.

### I. Mootness

"Courts must confine their exercise of jurisdiction to cases that present a live case or controversy." *Davidson v. Comm. for Gail Schoettler, Inc.*, 24 P.3d 621, 623 (Colo.2001). A case is moot when the court's ruling would have no practical legal effect on the existing legal controversy. *See Van Schaack Holdings, Ltd. v. Fulenwider*, 798 P.2d 424, 426 (Colo.1990). Although neither party has requested dismissal on this ground, because this is an issue of subject matter jurisdiction, we may address it sua sponte. *See J.P. Meyer Trucking and Const., Inc. v. Colo. Sch. Dist. Self Ins. Pool*, 18 P.3d 198, 201 n. 3 (Colo.2001).

Here, the undisputed facts show that a ruling by this court would have no practical legal effect on defendant. However, a court may resolve an otherwise moot case if the matter is capable of repetition yet evades review or involves an issue of great public importance. *See Carney v. Civil Serv. Comm'n*, 30 P.3d 861, 864 (Colo.App.2001).

Bail is imposed daily in every jurisdiction statewide, and many of these cases involve defendants awaiting extradition. Yet, despite the frequency with which such questions arise and the apparent uncertainty as

to the propriety of "cash only" bonds, few such cases have been reviewed by our appellate courts. *See People v. Hoover,* 119 P.3d 564, 2005 WL 674642 (Colo.App. No. 04CA1794, Mar. 24, 2005)(denying the defendant's motion to modify a "cash only" appeal bond). There also appears to be some confusion in the trial courts as to which bail statute applies to a defendant pending extradition prior to service of a governor's warrant. Thus, we conclude the question whether a court may impose a "cash only" bond on a defendant pending extradition prior to service of a governor's warrant merits resolution here.

## II. *Governing Statutory Provision*

■ Section 16–4–104(1), C.R.S.2004, governs pretrial bail bond alternatives, whereas § 16–19–117(1), C.R.S.2004, sets forth the provisions for bail pending extradition. The county court did not indicate upon which statute it relied, and, in the C.R.C.P. 106(a)(4) action, defendant relied on both. In its ruling, the district court concluded that "neither statute ... authorizes a cash only bond" and did not determine which statute was applicable. In their briefs on appeal, the parties assume the applicability of both statutes. We conclude, however, that questions of bail for defendants awaiting extradition prior to service of a governor's warrant are governed exclusively by § 16–19–117(1).

The interstate extradition of accused persons, such as defendant, is controlled by federal law, pursuant to article 4, section 2 of the United States Constitution and 18 U.S.C. § 3182. *See Smith v. Idaho,* 373 F.2d 149, 154 (9th Cir.1967). Federal authority provides that, unless overridden by federal law, the Uniform Criminal Extradition Act (UCEA), where adopted, governs state extradition procedures. *See Coungeris v. Sheahan,* 11 F.3d 726, 728 (7th Cir.1993).

Colorado has adopted the UCEA, § 16–19–101, et seq., C.R.S.2004. No federal law has, in any manner relevant here, preempted the UCEA. Accordingly, the county court's actions were governed, not by the provisions of § 16–4–104(1), but by the UCEA generally, and, specifically, by § 16–19–117, which expressly applies to the setting of bail pending

extradition. *See also Johnson v. Dist. Court,* 199 Colo. 458, 610 P.2d 1064 (1980)(court looked only to the UCEA to determine whether defendant was entitled to bail in extradition proceeding).

## III. *"Cash Only" Bonds*

■ Thus, properly framed, the issue here is whether the county court exceeded its jurisdiction under § 16–19–117(1) when it set a "cash only" extradition bond. We conclude that it did not.

Section 16–19–117(1) states, in relevant part, that "the judge ... *may* admit any person arrested, held, or detained for extradition or interstate rendition to another state ... *to bail by bond or undertaking, with such sufficient sureties and in such sum as such judge deems proper"* (emphasis added).

■ In construing a statute, we adopt the construction that best gives effect to the intent of the legislature. *See Slack v. Farmers Ins. Exch.,* 5 P.3d 280, 284 (Colo.2000). In doing so, we first look at the plain and ordinary meaning of the statutory text. *See People v. Davis,* 794 P.2d 159, 180 (Colo. 1990). When the statutory language is ambiguous, we look to principles of statutory construction. *See Farmers Ins. Exch. v. Bill Boom Inc.,* 961 P.2d 465, 469 (Colo.1998).

### A.

By its plain terms, § 16–19–117(1) provides that a court's decision to grant or deny bail is discretionary as to a defendant pending extradition prior to service of a governor's warrant. *See People v. Triantos,* 55 P.3d 131, 134 (Colo.2002) ("The legislature's use of the term 'may' is indicative of a grant of discretion or choice among alternatives.").

### B.

Section 16–19–117(1) also provides that, when the court allows bail for a defendant awaiting extradition, it is to be set with "sufficient sureties." The statute is unclear, however, whether the phrase "sufficient sureties" must be read to refer only to commercial sureties or similar third-party arrangements, or may include any guarantee used to

assure the appearance of a defendant, including cash. *See Black's Law Dictionary* 1482 (8th ed.2004) (a surety is (1) "a person primarily liable [for] the performance of another"; (2) "a formal assurance; esp. a pledge, bond, guarantee or security given for the fulfillment of an undertaking"). Also, if the latter, the phrase does not reflect whether the trial court or the defendant may select the type of bond.

The UCEA has been enacted by most states. *See State v. Bobo,* 872 So.2d 1052, 1054 n. 1 (La.2004) (noting that forty-six states have adopted the UCEA). However, the phrase "sufficient sureties," as it appears in § 16–19–117(1) of the Colorado UCEA, has not been interpreted in Colorado or in any other jurisdiction in which the UCEA has been adopted.

Nevertheless, the phrase has been commonly used in reference to the constitutional right to pretrial bail in almost every state for more than 200 years. The term was used in that context in the original Pennsylvania Constitution, which, in turn, became the model for numerous other state constitutions, including Colorado's. *See* Colo. Const. art. II, § 19(1) ("[a]ll persons shall be bailable by sufficient sureties pending disposition of charges"); *In re Losasso,* 15 Colo. 163, 24 P. 1080 (1890) (noting that most, if not all, state constitutions contain provisions substantially similar to art. II, § 19(1) of the Colorado Constitution); *State v. Brooks,* 604 N.W.2d 345, 350 (Minn.2000) (discussing the history of bail in the United States).

In other jurisdictions, appellate courts have examined the meaning of the "sufficient sureties" clause in their respective state constitutions to determine the legality of pretrial "cash only" bail. While here we are not concerned with pretrial bail, nonetheless, these discussions are instructive.

### C.

On the issue of the constitutionality of "cash only" pretrial bail, these courts are split. *Compare, e.g., State v. Brooks, supra,* 604 N.W.2d at 353 ("sufficient sureties" clause means that court may not select the form of bond security and, therefore, court-

imposed "cash only" pretrial bail is unconstitutional), *and State v. Golden,* 546 So.2d 501, 503 (La.Ct.App.1989), *with State v. Briggs,* 666 N.W.2d 573, 583 (Iowa 2003) ("sufficient sureties" clause means a court has the discretion to select the form of bond security and, therefore, court-imposed "cash only" pretrial bail is constitutional; *Ex parte Singleton,* 902 So.2d 132, 2004 WL 2676659 (Ala. Crim.App. No. CR–03–1981, Nov. 24, 2004); *and Rendel v. Mummert,* 106 Ariz. 233, 474 P.2d 824, 828 (1970).

However, the vast majority, either expressly or implicitly, understand the word "sureties" in the phrase "sufficient sureties," to encompass a variety of bond forms, including cash. *See State v. Briggs, supra,* 666 N.W.2d at 583 ("the framers did not intend to favor one particular method of surety—commercial bonding—by inclusion of the sufficient sureties clause"); *State v. Brooks, supra,* 604 N.W.2d at 353 (the word "sureties" "encompasses a broad array of methods to provide adequate assurance that an accused will appear as the court requires"); *see also Ex parte Singleton, supra,* 902 So.2d at 135 (quoting *State v. Briggs, supra,* 666 N.W.2d at 581–83: "[w]e are also confident that the framers did not intend to favor one particular method of surety"); *People ex rel. Gendron v. Ingram,* 34 Ill.2d 623, 217 N.E.2d 803, 806 (1966) ("the alternative methods of bail provided in [the statutes] do not violate the constitutional provision that all persons shall be bailable by 'sufficient sureties'"); *Burton v. Tomlinson,* 19 Or.App. 247, 527 P.2d 123, 126 (1974) ("Nowhere does it say that lawful release of a defendant may be accomplished only through the medium of sureties."); *cf. Rendel v. Mummert, supra,* 474 P.2d at 828; *State ex rel. Jones v. Hendon,* 66 Ohio St.3d 115, 609 N.E.2d 541, 543 (1993); *but see State v. Golden, supra,* 546 So.2d at 503 (limiting the "sufficient sureties" clause to commercial sureties).

Because the history of the phrase in each of the respective constitutions is similar, we are persuaded by the near uniformity of these opinions on this question. We also find particularly informative the exhaustive historical analysis done by the Iowa Supreme Court in *Briggs.* Specifically, that court not-

ed that the several state constitutions that included "sufficient sureties" upon which the Iowa provision was patterned were drafted before commercial sureties even emerged as a popular bond form. Similarly, the court pointed to historical data indicating that personal, monetary, and property sureties were all ·more well-known ways to secure a bond when the Iowa Constitution was enacted. *State v. Briggs, supra,* 666 N.W.2d at 583; *cf. People v. Mellor,* 2 Colo. 705, (1875) (cash bond imposed by trial court).

Furthermore, in Colorado, as in most jurisdictions, the primary purpose of bail is to assure the presence of the accused at trial. *See People v. Sanders,* 185 Colo. 153, 156, 522 P.2d 735, 736 (1974) (such a purpose "should be met by means which impose the least possible hardship upon the accused"); *see also Reynolds v. United States,* 80 S.Ct. 30, 32, 4 L.Ed.2d 46 (1959). Interpreting the word "sureties" broadly to encompass·multiple bond forms satisfies this purpose. When bail may be secured by a court in a variety of ways, the court's ability to assure the presence of the accused at trial is strengthened. *See Rendel v. Mummert, supra,* 474 P.2d at 828 (" 'sufficient sureties' mean, at a minimum, that there is reasonable assurance to the court that if the accused is admitted·to bail, he will return as ordered until the charge is fully determined").

Accordingly, we agree with the majority of jurisdictions considering the issue that, in reference to bail, the term "sureties" refers to a broad range of guarantees used for the purpose of securing the appearance of the defendant. Such guarantees include, but are not limited to, bonds secured by cash.

### D.

Because of the constitutional nature of the right to pretrial bail, the same jurisdictions that give a broad meaning to the word "sureties" are, nonetheless, divided as to whether use in their respective constitutions of the qualifying adjective "sufficient" entitles an accused awaiting trial to select the type of bond, *see State v. Brooks, supra,* 604 N.W.2d at 353; *State ex rel. Jones v. Hendon, supra,* 609 N.E.2d at 543, or leaves that determination to the discretion of the trial court. *See*

*State v. Briggs, supra,* 666 N.W.2d at 582 ("the framers chose an explicit limitation on access to a surety by using the word *sufficient* in the sufficient sureties clause") (emphasis in original); *People ex rel. Gendron v. Ingram, supra,* 217 N.E.2d at 806 ("[s]ufficient, as used in the constitution, means sufficient to·accomplish the purpose of bail").

However, access to bail by a defendant pending extradition is allowed by statute, but not required by the Colorado constitution. *See Johnson v. Dist. Court, supra,* 199 Colo. at 458, 610 P.2d at 1064 (constitutional right to bail afforded a criminal defendant is inapplicable to a defendant pending extradition).

Thus, here, we refer only to the Colorado UCEA to resolve the question of who may select the type of bond for a defendant pending extradition. *Cf. People v. Hoover, supra,* —— P.3d at —— (because there is no constitutional right to an appeal bond, "there is no need to reconcile statutory language with a constitutional guarantee," and the issue "may be resolved solely by reference to [statute]"). On that point, we have little difficulty ascertaining legislative intent.

Specifically, as pertinent here, § 16–19–117(1) allows bail "with such sufficient sureties and in such sum *as such judge deems proper*" (emphasis added). This is an unambiguous grant of authority to the trial court.

.Furthermore, the placement of that clause immediately after the phrase "in such sum," but not the phrase "with such sufficient sureties," creates no uncertainty. Under well-accepted rules of statutory construction, "as such judge deems proper" refers to both antecedent phrases. *See Estate of David v. Snelson,* 776 P.2d 813, 818 (Colo.1989) ("When a referential or qualifying clause follows several words or phrases and is applicable as much to the first word or phrase as to the others in the list ... the clause should be applied to all of the words or phrases that preceded it."); *see also* § 2–4–214, C.R.S. 2004 (repudiating the last antecedent rule). Hence, pursuant to § 16–19–117(1), we conclude that the trial court, not the defendant, determines what is a "sufficient surety."

Therefore, we further conclude that prior to service of a ·governor's warrant, a trial

court is authorized to require bond for a defendant pending extradition in any type necessary to secure his or her appearance. Accordingly, the county court was within its jurisdiction to impose a "cash only" bond.

The judgment is reversed.

Judge GRAHAM and Judge CRISWELL* concur.