The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Alex GURULE, Defendant–Appellant.

No. 07CA0835.

Colorado Court of Appeals,
Div. A.

Nov. 1, 2007.

Rehearing Denied Dec. 13, 2007.

John W. Suthers, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Michael C. Mattis, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RUSSEL.

Defendant, Alex Gurule, pled guilty to criminal mischief. He later filed a notice of appeal and a motion for an appeal bond. The trial court denied the appeal bond as follows:

> The Defendant entered a plea of guilty to a class 4 felony, and received a sentence of five years, which is within the presumptive range of sentencing. Further, the Defendant's prior criminal history included more than two prior felony convictions, making him ineligible for probation consideration. Accordingly, the likelihood of success on appeal regarding the propriety of the sentence appears to be minimal. Finally, on September 6, 2006, the Defendant failed to appear for sentencing, and did not return to the jurisdiction of the court until January 12, 2007. Therefore, the court finds the Defendant to be a flight risk.

Defendant contends that the trial court erred in denying an appeal bond without first conducting a hearing. He relies on *People v. Kyu Ho Yi*, 741 P.2d 1264, 1265 (Colo.App.1987) (holding that a trial court "must conduct a hearing and make findings on a defendant's motion for appeal bond"), *abrogated on other grounds by People v. Stewart*, 55 P.3d 107, 126 (Colo.2002). We reject this argument.

We review a trial court's order denying an appeal bond for an abuse of discretion. *See People v. Hoover*, 119 P.3d 564, 567 (Colo.App.2005) (no abuse of discretion in ordering that appeal bond be "cash only"). And here, unlike in *Kyu Ho Yi*, we may conduct our review even though there was no evidentiary hearing. The trial court found that defendant was a flight risk because he had failed to appear for sentencing and did not return for several months. This finding mandates the denial of an appeal bond. *See* § 16–4–201.5(2)(a), C.R.S.2007 (appeal bond may not be granted unless the court finds that "[t]he person is unlikely to flee").

We therefore hold, contrary to *Kyu Ho Yi*, that a trial court may deny an appeal bond without a hearing if the motion, files, and record demonstrate that the defendant's request is without merit, and if the trial court makes sufficient findings to enable review of its decision. *Cf. People v. Roca*, 17 P.3d 835, 836–37 (Colo.App.2000) (no hearing required on motion for appeal bond pending review of the denial of a Crim. P. 35(c) motion where defendant's allegations were legally insufficient to justify bail).

The trial court's order is affirmed, and defendant's motion for appeal bond is denied.

Judge ROTHENBERG and Judge BERNARD concur.