25CA0040 Marriage of Ingrum 10-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0040
Adams County District Court No. 16DR30630
Honorable Teri L. Vasquez, Judge
Honorable Bradley Victor Varmo, Magistrate

---

In re the Marriage of

Komal Pria Ingrum n/k/a Komal Pria Acharya,

Appellant,

and

Robert Porter Ingrum,

Appellee.

---

APPEAL DISMISSED

Division IV
Opinion by JUDGE SCHOCK
Harris and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

---

Komal Pria Ingrum n/k/a Komal Pria Acharya, Pro Se

Robert Porter Ingrum, Pro Se

¶ 1    In this post-dissolution of marriage proceeding between Komal Pria Ingrum, now known as Komal Pria Acharya (mother), and Robert Porter Ingrum (father), mother appeals the district court's adoption of the magistrate's order modifying parenting time and decision-making responsibility.  We dismiss the appeal as moot.

## I.    Background

¶ 2    When the parties' marriage was dissolved several years ago, they stipulated to a parenting plan for their then-eight-year-old child.  The parenting plan, which was adopted by the court, allocated mother sole medical and educational decision-making responsibility for the child and designated mother as the primary residential parent.  Father was allocated parenting time of three overnights every other weekend and an overnight every Wednesday.

¶ 3    Seven years later, father moved to modify parenting time to give him four days a week, "or at least 50/50."  He asserted that the child, now a teenager, was unhappy with mother's vegan dietary restrictions and wanted to have more parenting time with father.

¶ 4    After a hearing, the magistrate found that a parenting time modification was in the child's best interest, and it entered an order allowing the child to decide what parenting time schedule she

1

would exercise with each parent. The magistrate also modified decision-making responsibility for the child, allocating the parties joint decision-making responsibility as to all major decisions.

¶ 5 Mother then filed a motion for clarification, which the district court construed as a petition for review of the magistrate order. The court denied the petition, and thus effectively adopted the magistrate order, because mother did not provide a transcript of the magistrate proceedings or identify any specific error.

## II. The Appeal Is Moot

¶ 6 Mother appeals the order modifying parenting time and decision-making on multiple grounds. But after mother filed this appeal, she filed her own motion to modify parenting time in the district court. The parties then engaged in mediation and entered into a memorandum of understanding (MOU), which was adopted as an order of the court. The MOU provides for a 50/50 parenting time schedule and joint decision-making. It further provides that "all current matters regarding parenting time are resolved."

¶ 7 The MOU, and the order adopting it, make this appeal moot. An issue is moot "when a judgment, if rendered, would have no practical legal effect on the existing controversy." *In re Marriage of*

2

*Tibbetts*, 2018 COA 117, ¶ 8 (citation omitted). When the issues presented on appeal have become moot because of subsequent events, we will not issue an opinion deciding them. *Id.* at ¶ 7.

¶ 8     That is the case here. Whatever qualms mother had with the magistrate's order, that order has been superseded by the parties' subsequent modification of parenting time and agreement to joint decision-making. Indeed, the MOU expressly states that all then-existing parenting time disputes were "resolved." In light of this agreement, our resolution of mother's challenges to the now-defunct magistrate order would have "no practical legal effect." *Id.* at ¶ 8; *see also In re Marriage of Salby*, 126 P.3d 291, 301 (Colo. App. 2005) (holding that appeal of parenting time order was mooted by later order relating to parenting time and parental responsibilities).

¶ 9     Because mother's appeal is moot, we must dismiss it. *See Tibbets*, ¶¶ 7-8, 21, 28; *Giuliani v. Jefferson Cnty. Bd. of Cnty. Comm'rs*, 2012 COA 190, ¶ 15 ("Where a claim is moot on appeal, we decline to address its merits[] and instead dismiss the claim."); *see also Fullerton v. Cnty. Ct.*, 124 P.3d 866, 867 (Colo. App. 2005) (noting that we may dismiss an appeal as moot even when neither party requests it because it implicates subject matter jurisdiction).

¶ 10    To the extent mother requests that we order the district court to appoint a new child's legal representative (CLR), she has not directed us to anywhere in the record that she requested that relief or obtained a ruling on the issue.  Without a district court order for us to review, the replacement of the CLR is not properly before us. *See In re Marriage of Evans*, 2021 COA 141, ¶ 11 ("Our jurisdiction is limited to review of final, appealable judgments or orders.").

### III.    Disposition

¶ 11    The appeal is dismissed.

JUDGE HARRIS and JUDGE JOHNSON concur.